## The PEOPLE of the State of Colorado, Complainant,

v.

## William G. PILGRIM, Attorney-Respondent.

### No. 84SA520.

Supreme Court of Colorado, En Banc.

March 25, 1985.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

No appearance by attorney-respondent.

NEIGHBORS, Justice.

In this attorney discipline proceeding, a hearing panel of the Supreme Court Grievance Committee found that the respondent, William G. Pilgrim, had violated the Code of Professional Responsibility. The Grievance Committee recommended that the respondent be suspended from the practice of law for one year and one day, that he be assessed the costs of the proceedings, and that he be ordered to pay restitution. We approve and adopt the report of the hearing panel and concur in the recommendation of suspension.

The respondent was given notice of the charges as required by C.R.C.P. 241.25(b) when he was personally served with a copy of the complaint by an officer employed by the Montezuma County Sheriff's Department on June 13, 1984. Because the respondent failed to file an answer to the complaint, the presiding officer of the hearing board entered an order for default pursuant to C.R.C.P. 241.13(b). Under that provision, the allegations of the complaint against the respondent were deemed admitted. Notwithstanding the entry of default under C.R.C.P. 241.13(b), the respondent was given notice of the final hearing so that he could present evidence and arguments to the hearing board concerning the form of discipline to be imposed. Again, the respondent failed to appear. The hearing board heard statements by the disciplinary prosecutor and received exhibits into evidence as required by C.R.C.P. 241.13(b). The hearing board found that the facts, which we now summarize, were established by clear and convincing evidence.

The respondent was admitted to the bar of this court on September 29, 1964, and is registered as an attorney in the official records of this court. Accordingly, he is subject to the jurisdiction of this court and its Grievance Committee in these lawyer discipline proceedings.

In October 1982, the respondent was retained by clients who reside in Cortez, Colorado concerning a threat by the Internal Revenue Service (I.R.S.) to place a $10,000

lien against the assets of a camper shell business in which the clients were partners. One of the clients paid the respondent a retainer of $1,000 to transfer all of the assets of the business into a trust which would, allegedly, avoid the I.R.S. lien.

The respondent failed to establish the trust and would not respond to the client's telephone calls or written messages. However, the respondent cashed the $1,000 check.

The clients retained another attorney to obtain repayment of the $1,000 fee. That attorney was required to file suit in the Montezuma County Court on August 29, 1983. In February 1984, the respondent signed a promissory note in the amount of $600. The note was payable on February 15, 1984. The respondent failed to pay the note and the note was then reduced to judgment. The respondent has never repaid any part of the $1,000 fee. The respondent's clients spent several hundred dollars trying to collect the original retainer fee.

While the respondent filed a response to the request for investigation with the Grievance Committee, he never filed an answer to the formal complaint and never returned any of the telephone calls made to him by the Grievance Committee investigator.

The respondent's conduct violates C.R.C.P. 241.6 and the following provisions of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule), DR1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), DR1–102(A)(6) (fitness to practice law), DR6–101(A)(3) (neglect of a legal matter entrusted to him), DR7–101(A)(2) (failure to carry out a contract of employment), and DR9–102(B)(4) (pay client funds which he is entitled to receive).

Accordingly, it is ordered that the respondent be suspended from the practice of law for one year and one day. The respondent is ordered to pay costs of $383.71 to the Supreme Court Grievance Committee within 6 months from the date of the announcement of this opinion. The respon-

dent is further ordered to pay the complainant restitution in the amount of $1,000, together with interest at the statutory rate from August 29, 1983. The respondent's reinstatement is conditioned upon full compliance with C.R.C.P. 241.22(c) and payment of costs and restitution.