**The PEOPLE of the State of Colorado, Complainant,**

v.

**K. Richard PAYNE, Attorney-Respondent.**

**No. 87SA125.**

Supreme Court of Colorado, En Banc.

June 15, 1987.

Linda Donnelly, Disciplinary Prosecutor Denver, for complainant.

No appearance for atty.-respondent.

ERICKSON, Justice.

The respondent, K. Richard Payne, was suspended from the practice of law in Colorado on October 9, 1986. His suspension resulted from disciplinary proceedings in Indiana which culminated in his disbarment by the Supreme Court of Indiana on July 10, 1986. Two complaints against the respondent were filed in Colorado and consolidated for hearing on December 1, 1986. At the conclusion of the hearing, the hearing panel recommended that the respondent be disbarred. We approve the panel's recommendation and order that the respondent be disbarred, and that his name be stricken from the roll of lawyers authorized to practice law before the Supreme Court of Colorado. The respondent also is ordered to pay $194.61 to the Grievance Committee of the Colorado Supreme Court within sixty days for the costs incurred in this proceeding.

I.

The respondent was admitted to the bar of this court on October 17, 1977, and is subject to the jurisdiction of this court. Two complaints are before us in this disciplinary proceeding. The respondent admits

---

the allegation in the first complaint that he failed to inform counsel for the grievance committee that he had been suspended for thirty days by the Indiana Supreme Court. The disciplinary action in Indiana was based on the respondent's admission that he divulged highly sensitive investigative information of the Federal Bureau of Investigation in an attempt to frustrate the efforts of law enforcement officials. The respondent's sole excuse for failing to notify committee counsel of his suspension was that the Indiana disciplinary authorities should have notified committee counsel in Colorado. His failure to notify committee counsel of public discipline imposed in another jurisdiction violated C.R.C.P. 241.-17(b) (a lawyer must report public discipline imposed by authorities in another jurisdiction), C.R.C.P. 241.6(1) (grounds for discipline include violation of the Code of Professional Responsibility), C.R.C.P. 241.6(2) (a lawyer may be disciplined for an act or omission that violates accepted ethical rules or standards), C.R.C.P. 241.6(3) (a lawyer must adhere to the highest standards of honesty, justice, and morality), and DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law).

## II.

Approximately four months after the first complaint was filed in Colorado, the Indiana Supreme Court disbarred respondent because he used cocaine, accepted cocaine as a fee, trafficked in marijuana, controlled substances, and unspecified narcotics, and counseled and assisted a client in the commission of illegal or fraudulent acts. The second complaint against the respondent in Colorado alleged the respondent's disbarment in Indiana and numerous violations of the laws prohibiting the use and sale of narcotic drugs. The respondent did not file a timely answer to the second complaint, and the allegations of the complaint were deemed admitted. C.R.C.P. 241.13(b).

In this proceeding, the respondent claims that discipline based upon the Indiana disbarment is improper because he was denied due process of law in the Indiana grievance proceedings. However, he admits that he had notice of that proceeding, attended a hearing, and presented witnesses. He attempted to appeal the order of disbarment, but his appeal was dismissed after he failed to file a transcript of the proceedings before the grievance committee in the Indiana Supreme Court. He has presented, and the record contains, no evidence establishing an infirmity in the proof of the Indiana charges that resulted in his disbarment. Nothing in the record supports the respondent's allegation that he was denied due process of law in the Indiana disciplinary proceeding, and we see no reason to impose a different sanction than that imposed in Indiana. *See* Standards for Imposing Lawyer Sanctions § 5.11 (1986) (disbarment is warranted where a lawyer engages in serious criminal conduct involving the distribution of controlled substances); Model Rules for Lawyer Disciplinary Enforcement Rule 21 (1985) (reciprocal discipline should be imposed unless there was a denial of due process or an infirmity in the prior proceedings, the imposition of the same discipline would result in a grave injustice, or the attorney's misconduct warrants a substantially different discipline).

Accordingly, pursuant to C.R.C.P. 241.-17(a), we approve the recommendation of the hearing board and order the same sanction imposed by the Supreme Court of Indiana. The respondent is disbarred, and his name is stricken from the role of attorneys authorized to practice law before the Supreme Court of Colorado. Respondent is assessed the cost of these proceedings in the amount of $194.61 and ordered to pay the costs to the Colorado Supreme Court Grievance Committee, Suite 500 S, 600 17th Street, Denver, Colorado 80202–5435, within sixty days.