The PEOPLE of the State of
Colorado, Complainant,

v.

Gilbert Ray MONTANO,
Attorney-Respondent.

No. 87SA91.

Supreme Court of Colorado,
En Banc.

Sept. 8, 1987.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

No appearance for attorney-respondent.

MULLARKEY, Justice.

In this attorney discipline case, a hearing panel of the Supreme Court Grievance Committee has recommended that we disbar the respondent, Gilbert Ray Montano, because he has been disbarred by the Supreme Court of Arizona in two separate proceedings. The panel also recommends that the costs of the proceedings be assessed against Montano and that, as a condition of reinstatement, Montano be required to demonstrate that he has made restitution to his former clients as ordered by the Arizona Supreme Court. We accept the recommendations of the hearing panel.

I.

A.

Montano was admitted to the bar of this court on October 16, 1974, and is subject to the jurisdiction of this court. He was twice disbarred by the Supreme Court of Arizona in separate orders dated May 28, 1985 and March 24, 1986.

In its 1985 decision, the Arizona Supreme Court found that Montano had committed multiple violations of the Arizona Code of Professional Responsibility. In three cases, Montano neglected to perform the legal services for which he was retained, deceived his clients into believing that the work had been performed, and improperly delayed returning retainers to his clients.

One of these clients also entrusted Montano with over $10,000 to be held in his trust account for the client's future use. Montano failed to safeguard the funds and when he issued his client a check for $10,000, it was returned because of insufficient funds. Montano also induced the same client to enter into an investment agreement with him and a third party which resulted in the complete loss of the client's investment. Montano failed to document his purported guarantee of the client's investment, failed to disclose his conflict of

interest, and failed to advise his client of her right to independent counsel.

In the remaining matter considered in the Arizona Supreme Court's 1985 decision, Montano issued several checks to the clerk of an Arizona court which were returned for insufficient funds. Although he repeatedly told the clerk that the checks would be made good, he made no payment until after the disciplinary action was filed against him.

Based on these violations, the Arizona Bar Disciplinary Commission recommended that Montano be disbarred. The Arizona Supreme Court adopted that recommendation and assessed the costs of the proceedings against Montano.

The second disbarment order was based on Montano's conduct in other matters which occurred prior to the first disbarment but were not considered in that case. In three cases, Montano failed to perform the legal services for which he had been retained, deceived his clients as to the work performed, and failed to return the retainers. In a fourth case, Montano failed to pay over to his client any portion of a $10,500 settlement check obtained in a personal injury action. In a fifth case, Montano induced his client to lend him $10,000 and to permit him to invest another $85,000 from the proceeds of a settlement obtained in a wrongful death action. Virtually all of the client's money was lost.

On March 24, 1986, the Arizona Supreme Court entered a second order of disbarment against Montano and ordered him to pay restitution to four former clients in amounts totalling $100,900. The court also assessed the costs of the proceedings against Montano.

### B.

The Colorado disciplinary proceedings against Montano were initiated by a complaint filed by the Disciplinary Prosecutor which alleged the two disbarments of Montano by the Supreme Court of Arizona and alleged that Montano had failed to inform the Colorado Grievance Committee counsel that public discipline had been imposed upon him in Arizona. The complaint alleged that Montano's conduct violated C.R.C.P. 241.6, C.R.C.P. 241.17(b), Colorado Code of Professional Responsibility DR 1-102(A)(1) [ABA Model Rule 8.4(a)] and DR 1-102(A)(6). Montano was served with a citation and complaint but failed to file an answer or otherwise to participate in the Grievance Committee proceedings.

A hearing board of the Grievance Committee heard the case and entered findings of fact, conclusions and recommendations. The board concluded that Montano had engaged in conduct establishing grounds for imposing discipline under C.R.C.P. 241.6(6), specifically Rule 241.17(d), and that he also violated the Code of Professional Responsibility, DR 1-102(A)(1) and 1-102(A)(6). The board found that the procedures in the Arizona Supreme Court comported with the requirements of due process of the law and that the proof of the respondent's misconduct in Arizona was clear and convincing. The board further found that the Arizona determinations in both disbarment proceedings were entirely appropriate and that disbarment in this state was the only appropriate discipline for his conduct. The board also recommended that, as a condition of reinstatement, the respondent be required to show that he has made restitution as required by the second disbarment order of the Arizona Supreme Court. Finally, the board recommended that Montano be required to pay the costs of these proceedings.

A hearing panel of the Grievance Committee reviewed the hearing board's findings of fact, conclusions and recommendations and unanimously approved them for forwarding to this court. After unsuccessful attempts were made to serve the respondent at his last known address, the respondent was served by publication with the citation and the findings of fact, conclusions and recommendations. The respondent has not appeared in this court.

### II.

When a lawyer who is a member of the Colorado Bar is disciplined publicly in another jurisdiction, this court is required to impose the same discipline unless

certain mitigating factors are found. C.R. C.P. 241.17(d); *People v. Payne,* 738 P.2d 374 (Colo.1987); *People v. Fitzke,* 716 P.2d 1065, 1067–68 (Colo.1986). The mitigating factors set forth in Rule 241.17(d) are as follows:

(1) The procedure followed in the foreign jurisdiction did not comport with the requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

None of these factors is present in this case. To the contrary, the findings of fact and conclusions of law adopted by the Arizona Supreme Court demonstrate that the respondent engaged in repeated instances of serious professional misconduct which warranted the sanctions of disbarment. Accordingly, we accept the hearing panel's recommendation that the respondent be disbarred.

■ The panel also recommended that, as a condition of reinstatement, Montano be required to prove that he has made restitution in accordance with the Arizona Supreme Court's order in his second disbarment. The conditions for readmission after disbarment are set forth in C.R.C.P. 241.-22(a). Among other things, an applicant for readmission "must also demonstrate by clear and convincing evidence his rehabilitation and his full compliance with all applicable disciplinary orders and with all provisions of this Chapter." When our order of disbarment is based upon the discipline imposed by a foreign jurisdiction, the requirement in Rule 241.22(a) that an applicant for readmission demonstrate "his full compliance with all applicable disciplinary orders" means that the applicant must demonstrate

compliance with the disciplinary orders of the foreign jurisdiction as well as with the disciplinary orders of this court. Since the Arizona Supreme Court in its second disbarment order ordered the respondent to make restitution to four of his former clients, he must demonstrate his full compliance with that order before he can be readmitted to practice in Colorado.

For these reasons, it is ordered that the respondent, Gilbert Ray Montano, be disbarred and that his name be stricken from the roll of lawyers authorized to practice before this court. The respondent is ordered to pay the costs of this proceeding in the amount of $316.28 to the Supreme Court Grievance Committee, 600 17th Street, #500S, Denver, Colorado 80202, within six months from the date of announcement of this opinion. The respondent is directed to comply with the requirements of C.R.C.P. 241.21, specifying certain action to be taken after disbarment. It is further ordered that the respondent shall not be readmitted to the bar of this state until he shall have made restitution as ordered by the Supreme Court of Arizona in its order dated March 24, 1986. The respondent's readmission is further conditioned upon full compliance with C.R.C.P. 241.22(a) and proof of payment of costs.