The **PEOPLE of the State of Colorado, Complainant,**

v.

**James L. MAYER,**
**Attorney–Respondent.**

**No. 87SA486.**

Supreme Court of Colorado,
En Banc.

Feb. 8, 1988.

George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Joseph A. Koncilja, Pueblo, for attorney-respondent.

QUINN, Chief Justice.

The respondent, James L. Mayer, was charged with several counts of professional misconduct in separate complaints filed with the Grievance Committee. Subsequent to the filing of the complaints, the respondent and the deputy disciplinary prosecutor entered into a written stipulation of facts and a consent to disbarment, conditioned upon the ultimate approval of this court. An inquiry panel of the Grievance Committee approved the stipulation and sanction of disbarment, and we do also.

The stipulation recites the following facts. On September 14, 1987, the respondent entered a guilty plea and was convicted of the crime of conspiracy to deliver counterfeited obligations of the United States, namely, counterfeited federal reserve notes, in violation of 18 U.S.C. § 371 (1982). The respondent's conviction was for a serious crime as defined in C.R.C.P.

241.16(e). It has been stipulated that the respondent's conduct giving rise to that conviction violated the Disciplinary Rules of the Code of Professional Responsibility and the Colorado Rules of Procedure Regarding Lawyer Discipline in the following particulars: DR 1–102(A)(1) (violation of a disciplinary rule); DR 1–102(A)(3) (illegal conduct involving moral turpitude); DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(6) (conduct adversely reflecting on respondent's fitness to practice law); C.R.C.P. 241.6(1) (violation of the Code of Professional Responsibility); C.R.C.P. 241.-6(2) (act violating accepted rules or standards of legal ethics); C.R.C.P. 241.6(3) (act violating highest standards of honesty, justice, or morality); and C.R.C.P. 241.6(5) (act violating criminal laws of United States).

The respondent and the disciplinary prosecutor further stipulated that in 1986 the respondent represented Lloyd Westra in a dissolution of marriage action. Pursuant to a property settlement agreement of the parties, the respondent received a check in the amount of $1,000 as partial payment of Mr. Westra's share in the marital property. The check was made payable to Mr. Westra and the respondent. The respondent, with his client's approval, endorsed the check by signing his name and that of his client, and cashed the check. Despite repeated requests by Westra for his money, the respondent failed to deliver any part of the $1,000 to his client. After having been notified by the Grievance Committee of Mr. Westra's complaint and the respondent's obligation to file an answer, the respondent failed to respond to the allegations made against him. The stipulation recites that the respondent's conduct in this matter violated the following Disciplinary Rules of the Code of Professional Responsibility and the following provision of the Colorado Rules of Procedure Regarding Lawyer Discipline: DR 1–102(A)(1) (violation of a disciplinary rule); DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 9–102 (failure to preserve the identity of funds and property of a client); and C.R.C.P. 241.6(7) (failure to respond to request by Grievance Committee without good cause).

The stipulation also states that in 1986 the respondent, in the course of representing Thomas E. Roldan in a case pending in the District Court of Pueblo County, telephoned the court and informed the court that he was experiencing car trouble and would be a few minutes late for a scheduled hearing. The respondent failed to appear for the hearing, and also failed to file an answer to the grievance complaint after having been informed by the Grievance Committee of his obligation to do so. The stipulation states that the respondent's conduct violated the following provisions of the Code of Professional Responsibility and the Colorado Rules of Procedure Regarding Lawyer Discipline: DR 1–102(A)(1) (violation of a disciplinary rule); DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 6–101(A)(3) (neglect of a legal matter); DR 7–101(A)(2) (failure to carry out a contract of employment entered into with a client for professional services); DR 7–106(C)(6) (engaging in undignified or discourteous conduct which is degrading to a court); and C.R.C.P. 241.6(7) (failure to respond to request by Grievance Committee without good cause).

The respondent and the deputy disciplinary prosecutor also stipulated that on March 17, 1986, the Colorado Supreme Court publicly censured the respondent for violating the Code of Professional Responsibility and ordered him to make restitution by July 1, 1986, to Mr. and Mrs. David George Mason in the amount of $2,735, plus interest at the rate of eight percent per annum from March 1, 1974. The respondent failed to pay the ordered restitution, and requested an extension of time to fulfill his obligation. This court granted the respondent until November 19, 1986, to pay the restitution and expressly ordered that no further extensions of time would be granted. The respondent failed to pay any portion of the restitution order and thus, according to the stipulation, violated C.R.C.P. 241.6(6) (act violating an order of discipline).

The respondent has been previously disciplined for acts of professional misconduct on several occasions. He received a letter of admonition from the Grievance Committee on December 4, 1984, a private censure on January 5, 1984, another private censure on March 1, 1985, a public censure on March 17, 1986, and, most recently, a six months suspension on October 19, 1987, *see People v. Mayer,* 744 P.2d 509 (Colo.1987). The respondent's misconduct in this case, coupled with his prior record of discipline, demonstrates a serious dereliction of professional responsibility that justifies no less a sanction than disbarment.

The respondent is accordingly disbarred, effective as of the date of the issuance of this opinion, and his name is ordered stricken from the roll of attorneys licensed to practice law in this state. Pursuant to stipulation, the respondent is ordered to pay the costs of these proceedings in the amount of $167.23 within thirty days from this date by tendering that sum to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Denver, Colorado, 80202.