**The PEOPLE of the State of Colorado, Complainant,**

v.

**Ethan J. CANTOR, Attorney–Respondent.**

**No. 88SA99.**

Supreme Court of Colorado, En Banc.

April 25, 1988.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Michael L. Bender, Denver, for atty.-respondent.

QUINN, Chief Justice.

Before the filing of a formal complaint with the Grievance Committee, the respondent, Ethan J. Cantor, and the Disciplinary Prosecutor entered into a written stipulation of misconduct and consent to disbarment, conditioned upon the ultimate approval of this court. An inquiry panel of the Grievance Committee approved the stipulation and the sanction of disbarment, and we now accept the stipulation and disbar the respondent.

The stipulation recites the following pertinent facts. The respondent was admitted to the bar of this court in 1971 and is subject to the jurisdiction of this court and its Grievance Committee in this proceeding. On December 21, 1987, the respondent appeared in the United States District Court for the Northern District of Iowa and entered a guilty plea to the crime of conspiracy to import and distribute marijuana, in violation of 21 U.S.C. § 846 (1982).[1] Based

---

1. The indictment alleged that part of the con-

spiracy consisted of smuggling 11,000 pounds of

on the respondent's guilty plea, a judgment of conviction was entered, and the respondent was sentenced to two years on the conviction. On that same day, December 21, 1987, the defendant also entered a guilty plea to the crime of conspiracy to evade United States tax and custom laws, in violation of 18 U.S.C. § 371 (1982).[2] A judgment of conviction was also entered on that guilty plea, and the respondent was sentenced to a concurrent term of two years on the conviction.

The stipulation also recites that the crimes for which the respondent was convicted are felonies and thus constitute "serious crimes" under C.R.C.P. 241.16(e), and that the respondent's conduct giving rise to those convictions violated the following provisions of the Colorado Rules of Procedure Regarding Lawyer Discipline and the following Disciplinary Rules of the Code of Professional Responsibility: C.R.C.P. 241.-6(1) (violation of the Code of Professional Responsibility); C.R.C.P. 241.6(2) (act violating accepted rules or standards of legal ethics); C.R.C.P. 241.6(3) (act violating highest standards of honesty, justice, or morality); C.R.C.P. 241.6(5) (act violating criminal laws of United States); DR 1-102(A)(1) (violation of a disciplinary rule); DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 1-102(A)(6) (engaging in conduct adversely reflecting on one's fitness to practice law).

In light of the serious nature of the crimes for which the respondent was convicted, one of which involves an illegal agreement to import an illegal substance into the United States and the other of which involves an illegal agreement to evade the tax and custom laws of the United States, we believe that disbarment is the only appropriate sanction in this matter. A

lawyer who engages in such illegal acts "has violated one of the most basic professional obligations to the public, the pledge to maintain personal honesty and integrity." Standards For Imposing Lawyer Sanctions § 5.1 commentary (1986). Such conduct, in addition to demonstrating an egregious dereliction of professional responsibility, poses an immediate threat to the public. *Id.*

The respondent is accordingly disbarred, effective as of the date of the issuance of this opinion, and his name is to be stricken from the roll of attorneys licensed to practice law in this state. Pursuant to stipulation, the respondent is ordered to pay the costs of these proceedings in the amount of $51.93 within 90 days from this date by tendering that sum to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Denver, Colorado, 80202.

---

marijuana into the United States from Colombia, South America, and that Cantor in July 1982 took delivery of approximately 1,500 pounds of marijuana from one of the other co-conspirators.

**2.** The indictment alleged that Cantor purchased in his own name the boat used to smuggle marijuana into the United States and that from May to December 1982 Cantor continued to allow the vessel to be used to smuggle marijuana into this country from Colombia, South America.