The PEOPLE of the State of
Colorado, Complainant,

v.

David E. BRUUN, Respondent.

No. 88SA301.

Supreme Court of Colorado,
En Banc.

Oct. 31, 1988.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

No appearance for respondent.

MULLARKEY, Justice.

This case is before us on the recommendation of the Supreme Court Grievance Committee that the respondent, David E. Bruun, be disbarred and assessed the costs of this proceeding. We agree with the recommendation.

## I.

David E. Bruun was admitted to practice before this court in 1974 and is subject to the jurisdiction of this court and its Grievance Committee.

On February 15, 1985, Bruun was convicted in the United States District Court for the Northern District of Illinois, Eastern Division, on one count of knowingly, willfully and unlawfully conspiring to misapply bank funds in violation of 18 U.S.C. § 371 (1982) and on five counts of aiding and abetting the misapplication of bank funds by a bank officer in violation of 18 U.S.C. § 656 (1982). Bruun appealed his conviction and on January 13, 1987, the United States Court of Appeals for the Seventh Circuit issued its opinion affirming in part and reversing in part Bruun's criminal conviction. His conviction was affirmed on two counts of violating 18 U.S.C. § 656. Subsequently he was sentenced to nine months in a work release program with a consecutive two year term of probation.

The facts show that Bruun conspired with others to obtain loans from the First National Bank of Cicero, Illinois using stolen securities as collateral. Under the two counts for which he was convicted, Bruun obtained loans totalling $983,000 and was not the true beneficiary of either loan. He was not the actual owner of the collateral and had no right to pledge the collateral.

The respondent was licensed to practice law in Illinois. He consented to an interim suspension of his license to practice in Illinois and later consented to disbarment on December 4, 1985, effective June 2, 1985. He did not report these disciplinary actions to this court as required by C.R.C.P. 241.-17(b).

## II.

We placed Bruun under immediate suspension by order dated November 25, 1985 pursuant to C.R.C.P. 241.8 and 241.16(d). Although, at Bruun's request, the Colorado grievance proceedings were delayed until after his federal appeal was decided, he failed to answer the amended complaint filed by the disciplinary prosecutor and, accordingly, a default was entered against him. Because of his default, the hearing board of the Grievance Committee found that he had committed the violations charged.

We agree and we find that the respondent violated the following Supreme Court rules and provisions of the Code of Professional Responsibility: C.R.C.P. 241.6(1) (vi-

olates provisions of the Code of Professional Responsibility); C.R.C.P. 241.6(2) (violates accepted standards of legal ethics); C.R.C.P. 241.6(3) (violates highest standards of honesty, justice or morality); C.R.C.P. 241.6(5) (violates the criminal laws of the United States); C.R.C.P. 241.16 (conviction of a crime); C.R.C.P. 241.17(b) (duty to report discipline imposed by another jurisdiction); DR 1–102(A)(1) (violates a disciplinary rule); DR 1–102(A)(4) (engages in conduct involving fraud); and DR 1–102(A)(6) (engages in conduct adversely reflecting on fitness to practice law).

The hearing board recommended disbarment under C.R.C.P. 241.17(d) which generally provides that when an attorney has been disciplined in another jurisdiction, the committee shall recommend that the same discipline be imposed by this court. The board also concluded that the respondent had been convicted of serious crimes as described in C.R.C.P. 241.16(e) because both of Bruun's convictions were felony counts involving proof of an intent to defraud.

Disbarment is the appropriate sanction under *ABA Standards for Imposing Lawyer Sanctions* Standard 5.11 (1986) and no mitigating factors are present in this case. We have imposed disbarment in similar cases. *See, e.g., People v. Cantor*, 753 P.2d 238 (Colo.1988) (attorney pled guilty to two counts of conspiracy to evade United States tax and custom laws); *People v. Mayer*, 752 P.2d 537 (Colo.1988) (attorney convicted of conspiracy to deliver counterfeited federal reserve notes and stipulated to other misconduct); *People v. Montano*, 744 P.2d 480 (Colo.1987) (attorney disbarred in another jurisdiction and failed to report such discipline); *People v. Franco*, 738 P.2d 1174 (Colo.1987) (attorney convicted of "serious crime" as defined in C.R.C.P. 241.16(e)); and *People v. Payne*, 738 P.2d 374 (Colo.1987) (attorney disbarred in another jurisdiction and failed to report such discipline).

Accordingly, it is ordered that the respondent be disbarred and that his name be stricken from the role of lawyers authorized to practice before this court. Costs in the amount of $327.79 are assessed against the respondent and must be paid within thirty days from the date of this opinion to the Supreme Court Grievance Committee, 600 17th Street, Suite 500S, Denver, Colorado 80202.