**The PEOPLE of the State of Colorado, Complainant,**

v.

**James Alan CHATZ, Attorney–Respondent.**

**No. 90SA29.**

Supreme Court of Colorado, En Banc.

March 12, 1990.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

Jeffrey A. Springer, Denver, for attorney-respondent.

PER CURIAM.

This attorney discipline case is before the court on the recommendation of the Supreme Court Grievance Committee that the respondent, James Alan Chatz, be suspended for the period of one year. We approve the recommendation.

The respondent was admitted to the Bar of this court in 1981 and is subject to the disciplinary jurisdiction of this court and its grievance committee. This matter is presented pursuant to a Stipulation, Agreement, and Conditional Admission of Misconduct.

Chatz is also a member of the Illinois Bar and, on October 25, 1989, the Illinois Su-

preme Court suspended him from the practice of law for a period of one year. *In re Chatz*, 131 Ill.2d 499, 137 Ill.Dec. 668, 546 N.E.2d 613 (1989). Chatz was admitted to practice law in Illinois in 1958 and had no prior discipline. The Illinois Supreme Court found that Chatz violated the Illinois Code of Professional Responsibility DR 7–110(A) in 1978 by loaning $5,000 to a then Circuit Judge in Cook County, Illinois. The court rejected the respondent's assertion that the money was a loan to the judge's election campaign. Although the court found that there was no evidence that Chatz sought or obtained favors from the judge, it held that Chatz should have been aware that his conduct violated DR 7–110(A) which states: "A lawyer shall not give or lend anything of value to a judge." The relevant part of the Colorado Code of Professional Responsibility DR 7–110(A) is identical to the language quoted. Prior to imposing the one year suspension, the Illinois Supreme Court noted the presence of several mitigating factors. No aggravating factor was identified.

Under C.R.C.P. 241.17(d), we generally impose the same discipline upon an attorney who is licensed in another state and has been disciplined in that jurisdiction. *People v. Bruun*, 764 P.2d 1165, 1166 (Colo.1988). *See also* Standard 2.9, *ABA Standards for Imposing Lawyer Sanctions* (1986) (reciprocal discipline). In this case, there is no reason to impose a different discipline from that imposed by the Illinois Supreme Court. The respondent properly reported his Illinois discipline to the appropriate Colorado authorities and cooperated with the Grievance Committee.

Accordingly, we order that the respondent, James Alan Chatz, be suspended from the practice of law in Colorado for the period of one year effective upon the date of this opinion. Because Chatz has no Colorado cases, it is not necessary to delay the effective date of this order as provided in C.R.C.P. 241.21(a) in order to permit him to wind up his affairs. No costs were incurred in connection with this grievance.