The PEOPLE of the State of
Colorado, Complainant,

v.

William G. PILGRIM,
Attorney–Respondent.

No. 90SA236.

Supreme Court of Colorado,
En Banc.

Dec. 24, 1990.

Linda Donnelly, Disciplinary Counsel
Denver, for complainant.

Attorney-respondent not appearing.

PER CURIAM.

In this attorney discipline case a complaint was filed with the Colorado Supreme Court Grievance Committee (the Commit-tee) charging respondent, William G. Pilgrim, with professional misconduct resulting from his convictions of two offenses against the United States. A hearing board of the Committee unanimously recommended that respondent be disbarred for his misconduct, and a hearing panel of the Committee unanimously approved the recommendation. We agree that respondent's professional misconduct warrants disbarment.

I

Respondent was admitted to the Bar of Colorado on September 29, 1964. He therefore is subject to the jurisdiction of this court and of the Committee. C.R.C.P. 241.-1(b). Because respondent failed to answer the complaint, the allegations of the complaint were deemed admitted and a default was entered against him. C.R.C.P. 241.-13(b); *People v. Richards,* 748 P.2d 341 (Colo.1987); *People v. Jacobson,* 747 P.2d 654 (Colo.1987).

II

▆ The record reveals that on January 11, 1989, a jury found respondent guilty of the offenses of conspiracy to commit fraud against the United States, in violation of Title 18, U.S.C. section 371 (1988), and influencing or impeding an officer of a United States court, in violation of Title 18, U.S.C. section 1503 (1988). Respondent was subsequently sentenced to two years' incarceration and ordered to pay a fine of $3,000 as a result of those convictions.

The indictment upon which the convictions were based alleged that respondent conspired with others to impede and impair the ability of the Internal Revenue Service to ascertain, assess, and collect revenues due the United States by causing individuals to enter into fraudulent trust agreements for the purpose of reducing or eliminating their reported tax liabilities. The indictment also alleged that numerous specific acts were perpetrated by the co-conspirators in furtherance of the conspiracy between February 1978 and May 1982, including acts by respondent on March 30, 1980, April 14, 1981, April 29, 1981, and

June 22, 1981. The indictment specifically alleged that from April 14, 1981, until February 1983, respondent willfully and knowingly influenced and endeavored to influence, obstruct, and impede the administration of justice in the United States District Court for the District of Wyoming by obstructing testimony and the production of certain records subpoenaed by a grand jury.

Respondent's conduct violated C.R.C.P. 241.6(1), (3) and (5). His conduct further violated the following provisions of the Code of Professional Responsibility: DR1-102(A)(1) (violating a disciplinary rule), DR1-102(A)(3) (engaging in illegal conduct involving moral turpitude), DR1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), DR1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and DR3-101(A) (aiding a non-lawyer in the unauthorized practice of law). This conduct persisted over a period of time and consisted of multiple acts. Furthermore, respondent was previously suspended by this court for one year and one day for similar professional misconduct. *People v. Pilgrim*, 698 P.2d 1322 (Colo.1985).

Participation in serious criminal conduct, such as intentional interference with the administration of justice, is in itself a sufficient ground to warrant disbarment. *See* ABA *Standards for Imposing Lawyer Sanctions* § 5.11(a) (1986); *see also People v. Mayer*, 752 P.2d 537 (Colo.1988); *People v. Brown*, 726 P.2d 638 (Colo.1986); *People v. Morley*, 725 P.2d 510 (Colo.1986); *People v. Loseke*, 698 P.2d 809 (Colo.1985). Respondent's prior suspension constitutes a further serious aggravating factor in this case. ABA *Standards* § 9.22(a). Respondent's conduct was knowing and willful, and the offenses underlying his conviction and sentence are serious crimes as contemplated by C.R.C.P. 241.16(e). Respondent has repeatedly demonstrated a callous disregard of the fundamental standards of integrity essential to an attorney's roles as an advisor to clients and an officer of the courts. We fully concur with the recommendation of the Grievance Committee that respondent's repeated professional misconduct requires the sanction of disbarment.

Accordingly, it is ordered that respondent, William G. Pilgrim, be disbarred and that his name be stricken from the roll of lawyers authorized to practice before this court. C.R.C.P. 241.21(a). It is further ordered that respondent pay the costs of this proceeding, in the sum of $303.14, which sum shall be paid within thirty days of the date of this opinion to the Supreme Court Grievance Committee, 600—17th Street, No. 500–S, Denver, Colorado 80202–5435.