**The PEOPLE of the State of Colorado, Complainant,**

v.

**Geoffrey T. WILLIAMS, Sr., Attorney–Respondent.**

**No. 94SA373.**

Supreme Court of Colorado, En Banc.

April 10, 1995.

---

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst., Disciplinary Counsel, Denver, for complainant.

Geoffrey T. Williams, Sr., pro se, Ormond Beach, FL.

PER CURIAM.

This is a reciprocal lawyer discipline proceeding under C.R.C.P. 241.17(d) (discipline imposed by a foreign jurisdiction). The re-spondent[1] defaulted before the hearing board, which recommended that he be disbarred based on its finding that the respondent's license to practice law in the Commonwealth of Virginia had been revoked. A hearing panel of the Supreme Court Grievance Committee approved the board's findings and recommendation. The assistant disciplinary counsel did not except to the panel's action, and the respondent's exceptions were stricken because he did not file a designation of record as required under C.R.C.P. 241.20(b)(4). *People v. Butler,* 875 P.2d 219, 219 (Colo.1994). We accept the recommendation of the hearing panel and order that the respondent be disbarred and assessed the costs of this proceeding.

I

Because the respondent failed to answer the formal complaint filed against him, an order of default was entered, and the allegations of fact contained in the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Barr,* 855 P.2d 1386, 1386 (Colo.1993). The respondent appeared before the hearing board by long-distance telephone, however. Based on the respondent's default, his appearance by telephone, and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

The respondent was licensed to practice law in Virginia, and the misconduct forming the basis of this reciprocal discipline proceeding occurred in Virginia. On February 26, 1993, the Virginia State Bar Disciplinary Board ordered that the respondent's license to practice law in the Commonwealth be revoked. Revocation of the license to practice law in Virginia is the equivalent of disbarment in Colorado. *See* C.R.C.P. 241.7(1); Va.S.Ct.R., Pt. 6, § IV, ¶ 13. The respondent did not perfect an appeal from the Disciplinary Board's order, and the order is therefore final.

---

1. The respondent was admitted to the bar of this court on January 13, 1989, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b). He was transferred to disability inactive status on January 19, 1994.

The hearing board of the Colorado Grievance Committee determined that the respondent's license was revoked in Virginia due to the respondent's conversion of funds, his pattern of dishonesty and misrepresentation, and his failure to avoid conflicts of interest.

## II

In a reciprocal discipline case, we usually impose the same discipline that was imposed in the foreign jurisdiction unless certain exceptions exist. *People v. Mattox,* 862 P.2d 276, 277 (Colo.1993). C.R.C.P. 241.17(d)(1)–(4) provides:

At the conclusion of proceedings brought under this Rule, the hearing panel shall refer the matter to the Supreme Court with the recommendation that the same discipline be imposed by the Supreme Court as was imposed by the foreign jurisdiction unless it is determined by the hearing panel that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Supreme Court cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Supreme Court of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Supreme Court.

C.R.C.P. 241.17(d)(1)–(4). The respondent claimed that the Virginia disciplinary proceedings did not comport with due process, and that different discipline was therefore warranted in Colorado. C.R.C.P. 241.17(d)(1). Although the respondent's exceptions to the panel's action were stricken, we have nevertheless examined the record, and we conclude, as did the hearing board, that the Virginia proceedings did in fact afford the respondent due process of law.

In *People v. Payne,* 738 P.2d 374, 375 (Colo.1987), a reciprocal discipline case, the attorney-respondent argued that discipline based on his disbarment in Indiana was improper because the Indiana grievance proceedings denied him due process of law. However, the respondent admitted

that he had notice of that proceeding, attended a hearing, and presented witnesses. He attempted to appeal the order of disbarment, but his appeal was dismissed after he failed to file a transcript of the proceedings before the grievance committee in the Indiana Supreme Court. He has presented, and the record contains, no evidence establishing an infirmity in the proof of the Indiana charges that resulted in his disbarment. Nothing in the record supports the respondent's allegation that he was denied due process of law in the Indiana disciplinary proceeding, and we see no reason to impose a different sanction than that imposed in Indiana.

738 P.2d at 375. The respondent in this proceeding had notice of the Virginia disciplinary proceedings, and although he was voluntarily absent from the hearing before the Disciplinary Board, he was represented by counsel at all times during the proceedings. Respondent's counsel also cross-examined the witnesses and introduced exhibits at the Virginia proceedings. The record contains no objection to the respondent's personal absence from the Virginia proceedings. The Virginia State Bar Counsel must prove the allegations of misconduct against the attorney-respondent by clear and convincing evidence, Va.S.Ct.R., Pt. 6, § IV, ¶ 13(K)(8), as in Colorado. Moreover, a lawyer's knowing conversion of funds usually warrants disbarment in Colorado. *People v. Ogborn,* 887 P.2d 21, 23 (Colo.1994); *cf.* C.R.C.P. 241.17(d)(4).

As in *People v. Payne,* 738 P.2d at 375, nothing in the record supports the respondent's claim that he was denied due process of law in the Virginia disciplinary proceedings, nor do we see any reason to impose different discipline than was imposed in Virginia. We therefore accept the hearing panel's recommendation that the respondent be disbarred.

### III

It is hereby ordered that Geoffrey T. Williams, Sr., be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is also ordered that the respondent pay the cost of this proceeding in the amount of $584.69 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.