The PEOPLE of the State of
Colorado, Complainant,

v.

Wayne A. VANDER VORT,
Attorney–Respondent.

No. 95SA130.

Supreme Court of Colorado,
En Banc.

May 22, 1995.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Wayne A. Vander Vort, Edina, MN, pro se.

PER CURIAM.

A formal complaint was filed against the respondent in this lawyer discipline proceeding, charging that the respondent had been disbarred in the State of Minnesota. *See* C.R.C.P. 241.17 (proceedings following discipline imposed by foreign jurisdiction). The parties subsequently entered into a conditional admission, which recommended that the respondent be disbarred in this state. An inquiry panel of the Supreme Court Grievance Committee approved the conditional admission and the recommendation. We accept the conditional admission and the recommendation that the respondent be disbarred and assessed the costs of the proceeding.

I.

On March 14, 1994, the respondent was disbarred from the practice of law in Minnesota, following allegations that he converted about $220,000 to his personal use from his former law firm and clients from 1985 through 1993 by billing personal expenses to the firm and clients. The respondent was licensed to practice law in Colorado in 1988, but was temporarily suspended from the practice of law here in 1994 because of the Minnesota proceedings. The respondent has stipulated that the conduct for which he was disbarred in Minnesota violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law); DR 2–106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee); and DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship). On and after the effective date of the Colorado Rules of Professional Conduct, January 1, 1993, respondent violated R.P.C. 4.1(a) (in the course of representing a client, a lawyer shall not knowingly make a false or misleading statement of fact or law to a third person); R.P.C. 8.4(b) (commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); and R.P.C. 8.4(c) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation). The respondent's conduct was also contrary to C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice, or morality is grounds for discipline); and C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

II.

In a proceeding such as this, we generally impose the same discipline that was imposed in the foreign jurisdiction, unless certain exceptions exist. *People v. Mattox,* 862 P.2d 276, 277 (Colo.1993); C.R.C.P. 241.17(d)(1)–(4). The parties do not indicate that any of the exceptions exist, nor does the record reveal any reason to impose different discipline. A lawyer's knowing conversion of funds usually warrants disbarment in Colorado. *People v. Williams,* 892 P.2d 885 (Colo. 1995) (lawyer disbarred in Colorado following revocation of his license in Virginia for conversion of funds); *People v. Ogborn,* 887 P.2d 21, 23 (Colo.1994). We therefore accept the conditional admission and the recommendation that the respondent be disbarred.

III.

It is hereby ordered that Wayne A. Vander Vort be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is also ordered that the respondent pay the costs of this proceeding in the amount of $49.03 within thirty days after the announcement of this opinion to the Supreme Court

Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.