## IN THE MATTER OF ROBERT E. BRAY.
### (Supreme Court Disciplinary No. 413)
(330 SE2d 93)

Per curiam.

A formal complaint was brought against attorney Robert E. Bray alleging violations of Standards 4, 44 and 68 of Georgia Bar Rule 4-102. The respondent was personally served but failed to file any answer or to obtain an extension of time. Therefore, under Georgia Bar Rule 4-212 (a), the charges for violating Standards 4 and 44 were deemed admitted, and the special master entered findings of fact and conclusions of law to that effect.

According to the facts thus admitted, on August 4, 1983, respondent was retained by Mrs. Lisa Kathryn Miller to file an action for divorce. Respondent received $500 from Mrs. Miller as a fee for his services in this matter. Shortly after being retained, respondent informed Mrs. Miller that he had filed her divorce action in Fayette County and was awaiting notification from the Court that a hearing date had been set. On September 30, 1983, after being unable to contact respondent, Mrs. Miller learned from the office of the Clerk of the Fayette County Superior Court that no action for divorce had been filed on her behalf. On or about October 16, 1983, Mrs. Miller contacted respondent and informed him that, contrary to his earlier representation, no action for divorce had been filed on her behalf in Fayette County. Respondent assured Mrs. Miller that he had filed the action and indicated he would investigate and report back to her. Nevertheless, respondent failed to communicate with Mrs. Miller concerning the status of her case. In December 1983, Mrs. Miller contacted respondent to inform him that her husband had moved to Clayton County. Respondent stated that he would file another divorce action on her behalf in Clayton County. During January and early February 1984, Mrs. Miller made repeated unsuccessful attempts to contact respondent concerning the status of her case. Respondent failed to file a divorce action on behalf of Mrs. Miller, and she has been deprived of the use and benefit of the fee paid to respondent. Based upon the foregoing, the special master found violations of

Standards 4 and 44, and recommended disbarment.

The findings of fact and conclusions of law of the special master were adopted by the State Disciplinary Board, which now also recommends disbarment. The respondent has made no response. We approve and adopt the recommendation of the Board. Attorney Robert E. Bray is hereby disbarred from the practice of law in the State of Georgia subject to the rules of reinstatement of the State Bar of Georgia in effect at the time of any petition for reinstatement.

*Disbarred. All the Justices concur.*

DECIDED MAY 28, 1985.

*William P. Smith III, General Counsel State Bar, George E. Hibbs, Assistant General Counsel State Bar,* for State Bar of Georgia.