The PEOPLE of the State of Colorado, Complainant,

v.

Vincent D. FRANCO, Attorney-Respondent.

No. 87SA33.

Supreme Court of Colorado, En Banc.

June 15, 1987.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Montano and Encinas, P.C., Duane Montano, Denver, for attorney-respondent.

ROVIRA, Justice.

On June 30, 1986, the respondent, Vincent D. Franco, was suspended from the practice of law during the pendency of disciplinary proceedings against him due to his conviction of a serious crime as defined in C.R.C.P. 241.16(a). We now order that the respondent be disbarred and that he pay the costs of the disciplinary proceedings.

On May 19, 1986, a formal complaint was filed against the respondent with the Colorado Supreme Court Grievance Committee [Grievance Committee]. It alleged that the respondent was admitted to the practice of law in Colorado in 1975 and is subject to the jurisdiction of this court and its Grievance Committee. It also alleged that on April 7, 1986, respondent pled guilty to the crime of conspiracy to commit second-degree forgery, a class 5 felony, in violation of section 18–2–201, 8B C.R.S. (1986), in the District Court in and for the City and County of Denver.

The complaint stated that the respondent's conduct violated C.R.C.P. 241.6(1) (any act which violates the Code of Professional Responsibility); C.R.C.P. 241.6(3) (any act which violates the highest standards of honesty, justice, and morality); C.R.C.P. 241.6(5) (any act which violates the criminal laws of the State of Colorado); and C.R.C.P. 241.16 (conviction of a serious crime).

Although the respondent was personally served with the citation and complaint on June 17, 1986, he failed to file an answer or other responsive pleading. Pursuant to C.R.C.P. 241.13(b), an order of default was entered on July 23, 1986. Accordingly, all of the allegations of the complaint were deemed admitted.

The respondent was given notice of the final hearing at which time he could present arguments to the Hearing Board regarding the form of discipline to be imposed. At this hearing, the respondent was represented by counsel.

The parties stipulated that there was a factual basis for the guilty plea. Specifi-

cally, between September 1981 and April 1984, the respondent was retained by certain individuals to represent them in the defense of traffic violation charges. During that period of time, he entered into a criminal conspiracy with his clients and an employee of the Colorado Department of Motor Vehicles. Pursuant to that conspiracy, the respondent's clients gave him money which he gave to the employee of the Department of Motor Vehicles for the purpose of having prior traffic convictions of his clients deleted from their driving records.

After concluding that the respondent had violated C.R.C.P. 241.6(1), (3), and (5), and C.R.C.P. 241.16, DR1–102(A)(1) (a lawyer shall not violate a disciplinary rule), DR1–102(A)(3) (conduct involving moral turpitude), DR1–102(A)(4) (conduct involving dishonesty), and taking into consideration the respondent's prior disciplinary record, the Hearing Board recommended that the respondent be disbarred. The Hearing Panel approved the findings, conclusions, and recommendation.

Our examination of the limited record in this case leads us to conclude that the recommendation of disbarment is warranted. First, it is clear that respondent's conduct was directly related to his functioning as a lawyer. As reflected in the *ABA Standards for Imposing Lawyer Sanctions* Standard 5.11 (1986):

> Disbarment is appropriate when a lawyer engages in criminal conduct a necessary element of which includes intentional interference with the administration of justice ...; or an attempt or conspiracy or solicitation of another to commit any of these offenses.

Second, the respondent's disciplinary record reflects a course of conduct during his legal career which establishes his disregard for the highest standards of professional conduct. *See People v. Franco*, 698 P.2d 230 (Colo.1985) (respondent suspended from the practice of law for one year for professional misconduct).

The respondent's conduct which resulted in his plea of guilty to a felony charge was not a momentary aberration, but was deliberate, carefully planned, and extended over a two-year period. In a similar case, *People v. Loseke*, 698 P.2d 809 (Colo.1985), we held that such conduct warranted disbarment, and we do not believe that any lesser discipline is justified for the respondent.

Accordingly, it is ordered that the respondent be disbarred and his name be stricken from the role of lawyers authorized to practice before the Supreme Court. Costs of $96.09 are assessed against the respondent and must be paid within sixty days from the date of the announcement of this opinion to the Supreme Court Grievance Committee, 600–17th Street, Suite 500–S, Denver, Colorado 80202.