The PEOPLE of the State of Colorado, Complainant,

v.

William G. RICHARDS, Attorney–Respondent.

No. 87SA152.

Supreme Court of Colorado, En Banc.

Dec. 21, 1987.

---

Linda Donnelly, Disciplinary Prosecutor George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

ERICKSON, Justice.

In this disciplinary proceeding, the respondent, William G. Richards, did not appear in person or by counsel, and did not answer the complaint of the disciplinary prosecutor. The hearing panel approved the findings, conclusions, and recommendations of the hearing board and recommended that the respondent be suspended from the practice of law for one year and one day and assessed the costs of these proceedings. At the time sanctions were recommended by the hearing panel, the respondent was under suspension for failure to comply with the registration requirements of C.R.C.P. 227, and had not provided the Clerk of the Colorado Supreme Court with a notification of his change of address as required by C.R.C.P. 227(2)(b). The hearing panel approved the findings, conclusions, and recommendations of the hearing board. We agree and order that the respondent be suspended for one year and one day, and that he be assessed the costs of these disciplinary proceedings.

The disciplinary prosecutor filed a motion requesting that the supreme court clarify default proceedings under C.R.C.P. 241.-13(b) in both this case and *People v. Jacobson*, 747 P.2d 654 (Colo.1987). In both proceedings, the respondents failed to answer or file a responsive pleading and a default was entered against them. *See* C.R.C.P. 241.13(b).

I.

The respondent, William G. Richards, was admitted to the bar of this court and is subject to the disciplinary jurisdiction of this court. C.R.C.P. 241.1(b). Even though the respondent was under suspension for failure to comply with the registration requirements of C.R.C.P. 227, he is subject to the jurisdiction of this court for additional violations of chapter 20 of the Colorado Rules of Civil Procedure and for his failure to comply with the Code of

Professional Responsibility while he was practicing law as an officer of this court.

Two separate disciplinary complaints against the respondent create the procedural issues that are before us. For clarity, the two complaints will be addressed as they were by the Grievance Committee and will be referred to as *Richards I* and *Richards II.*

## A.

### *Richards I*

Pursuant to C.R.C.P. 241.12, a complaint was filed against the respondent and constructive service was effected in accordance with C.R.C.P. 241.25(b). The respondent was not served personally, but was served by mail after frequent attempts to effect personal service were unsuccessful. He filed a response to a request for investigation that was submitted to the Grievance Committee by Michael Townes, a client of the respondent, and was aware of the disciplinary prosecutor's investigation before *Richards I* was filed. However, the respondent failed to answer or to file a responsive pleading to the complaint and did not appear at any of the proceedings before the hearing board of the Grievance Committee.

The complaint in *Richards I* contained two counts. The first count centered on the respondent's virtual abandonment of his client several weeks before the scheduled trial of a personal injury action. As a result of his professional misconduct, his client was required to secure other counsel and to obtain a continuance of the trial. The disciplinary prosecutor asserted that the respondent's conduct in his representation of Michael Townes violated C.R.C.P. 241.6 and the following disciplinary rules:

DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 1–102(A)(6) (conduct adversely reflecting on his fitness to practice law), and DR 7–101(A)(2) (failure to carry out a contract with a client for professional services).

The second count alleged that the respondent failed to file a notification of his change of address with the Clerk of the Supreme Court after he was suspended for failure to file the registration statement required by C.R.C.P. 227. His failure to provide an address and his active concealment of his whereabouts made it virtually impossible for investigators from the Grievance Committee to contact or locate the respondent, and required that the respondent be served in accordance with the provisions of C.R.C.P. 241.25(b). A default was entered by the hearing board against the respondent on April 24, 1986, and thereafter, on June 27, 1986, the hearing board conducted a default hearing pursuant to C.R.C.P. 241.13(b).

Following the default hearing, the disciplinary prosecutor was notified that the hearing board had concluded that the allegations in Count I of the complaint in *Richards I,* despite the standard of review applicable to default proceedings, were not proven by clear and convincing evidence. The hearing board requested the presentation of additional evidence and a supplemental hearing in accordance with the procedure outlined in footnote 2 in *People v. Rice,* 708 P.2d 785, 786 n. 2 (Colo.1985).[1]

## II.

### *Richards II*

Like *Richards I,* the complaint in *Richards II* was constructively served under

---

1. Footnote two provides:

The respondent did not file exceptions to the Hearing Board's Findings and Conclusions, but the complainant did. It took exception to the finding of the Hearing Board that there was insufficient evidence of intent to support the allegation of dishonesty, and lack of clear and convincing evidence of incompetence.

The complainant argues that since the respondent failed to file an answer or contest the issues raised in the complaint the allegations of the complaint must be deemed admitted. C.R.C.P. 241.13(b).

In view of the record in this case, we choose not to address complainant's exceptions. However, we are of the view that if the allegations of the complaint are not accepted by the Hearing Board when an order of default has been entered the complainant should be given the opportunity to introduce evidence in support thereof.

C.R.C.P. 241.25(b), after repeated attempts to effect personal service were unsuccessful. On December 1, 1986, a default was entered by the hearing board after the respondent failed to file an answer or other responsive pleading to the complaint and failed to appear at any of the proceedings before the hearing board.

The *Richards II* complaint contained two counts that alleged professional misconduct by the respondent. Count I of the complaint alleged that the respondent had precipitously withdrawn money for his fee in a malpractice case from the estate of his incapacitated client, causing the estate to suffer a loss of $2,099.58 in early withdrawal penalties. Judge Richard Hart, the judge responsible for supervising the estate and the complainant in this case, tried unsuccessfully to contact the respondent to seek an explanation of Richards' actions or to obtain reimbursement to the estate for the withdrawal penalty. The disciplinary prosecutor asserted that Richards' conduct violated C.R.C.P. 241.6 and the following disciplinary rules: DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(6) (conduct adversely reflecting on fitness to practice law), DR 7–101(A)(3) (damage to a client during the professional relationship by concealment or failure to disclose), and DR 9–102(B)(3) (duty to maintain complete records of all client funds and to properly account to the client). Count II maintains that the respondent failed to file a notification of his change of address with the Clerk of the Supreme Court in violation of C.R.C.P. 227.

After the default hearing, which followed the entry of default in *Richards II*, the hearing board dismissed the alleged violation of DR 7–101(A)(3) in Count I without prejudice and concluded that the allegations in Count I of the complaint were not proven by clear and convincing evidence. It offered the prosecutor an opportunity to present additional evidence in a supplemental evidentiary hearing under *People v. Rice.*

The board consolidated both *Richards I* and *Richards II* and held the supplemental hearing on December 17, 1986. At the hearing, the board granted the prosecutor's request to amend Count I of *Richards I* and added DR 6–101(A)(3) (neglect of a legal matter) as a charge. Based on the evidence and arguments of the disciplinary prosecutor, it concluded that the alleged violations of DR 6–101(A)(3) and DR 7–101(A)(2) in Count I of *Richards I* were proven by clear and convincing evidence. Count I of *Richards II* was dismissed without prejudice when the disciplinary prosecutor declined to present additional evidence to substantiate the charges under DR 9–102(B)(3).[2]

In dismissing Count I of *Richards II*, the hearing board apparently concluded that the factual allegations admitted by the respondent's default did not prove a violation of DR 9–102(B)(3). In our view, the allegations in Count I of the complaint in *Richards II* were admitted by the default, and sufficient facts were provided to the hearing board in the pleadings and the investigator's report to support the charges of unprofessional conduct and the violations of DR 9–102(B)(3).[3]

2. DR 9–102(B)(3) provides:

A lawyer shall:

....

Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

3. Count I of *Richard II* provides:

2. In approximately 1981, Elida Fresquez, a young woman, was negligently administered a spinal anesthetic during the birth of Dominique Fresquez and is now in a vegetative state of suspended life in a nursing home and will never recover. Dominique, the baby, has

some birth defects arising from oxygen deprivation at the time of his birth. Ray Fresquez, Elida's husband, retained respondent to file a malpractice action. Respondent contacted Valentino D.B. Mazzia who, in addition to being a licensed attorney, is also a medical doctor with a speciality in anesthesiology. Respondent and Mr. Mazzia co-counseled on the cases they filed against the doctors, the hospital, and the nurse-anesthetist involved. *In the Matter of Dominique R. Fresquez,* 81PR14, Lake County District Court and *In the Matter of Elida M. Fresquez,* 85PR5, Lake County District Court.

3. Respondent and Mr. Mazzia negotiated structured settlements with the defendants,

The procedural issue relating to the entry of default and the requirement for a *Rice* hearing to provide additional evidence after the hearing board concluded that the allegations in the disciplinary complaint were not proven by clear and convincing evidence was the same in both *Richards I* and *Richards II.* Viewing the record, the allegations, and the information before the hearing board, no further evidence was required to prove the allegations in the complaint and to establish the violations asserted by the disciplinary prosecutor in *Richards I* and *Richards II.*

In *People v. Rice,* 708 P.2d at 786 n. 2, we stated that the hearing board could not dismiss allegations of a disciplinary complaint without giving the complainant notice and the opportunity to introduce evidence in support of the allegations. In our view, when a default is entered against the respondent, the board can consider only the sufficiency of the charges in the complaint in deciding whether a *Rice* hearing is appropriate. If the charges are sufficient under C.R.C.P. 12 or 56(c), the board must deem all of the material allegations of the disciplinary complaint to be admitted by the respondent's default. If a charge is insufficient or if the respondent establishes manifest injustice of the type specified in C.R.C.P. 55(c), 60(b), or 241.13(b), the board may require that the complaint be amended or that supporting evidence be produced.[4] A charge may only be dismissed if, after the *Rice* hearing, there is no issue of fact and judgment should be entered for the respondent as a matter of law. *See* C.R.C.P. 56(c).

### III.

#### *The Procedural Issue*

The dismissal of the complaints in *Richards I* and *Richards II* provides a procedural issue that has not been adequately addressed by this court in the past. We must determine what is admitted under C.R.C.P. 241.13(b) by the respondent's default and the extent to which the hearing board can require either amendments to

under the terms of which certificate of deposit savings accounts were established for Elida and Dominique. The account for Elida pays her nursing home expenses, and the account for Dominique is to defray expenses as he matures over the years.

4. Ray Fresquez and Mr. Mazzia were co-conservators for the estates. After the last defendant had settled, Mr. Mazzia gave respondent his power of attorney to act with Ray Fresquez in the disbursement of funds. Respondent filed a petition on January 4, 1984, requesting, among other things, a lump sum disbursement for attorney fees in the amount of $98,000.00. The petition requested that, since there was not enough cash ($70,-000.00) available for attorney fees, the deficiency of $28,800.00 be distributed from the funds of Elida Fresquez. The court approved the request, ordered the disbursement of $37,-368.25, of which $28,800.00 was to be paid as attorney fees and the remainder to Mr. Fresquez. Respondent then withdrew the funds; the estate incurred a withdrawal penalty of $2,099.58. While Mr. Fresquez knew respondent was to withdraw the funds, he was not aware that the estate would incur a penalty.

5. The Honorable Richard H. Hart, the complaining witness herein, attempted to contact respondent to obtain an explanation of respondent's actions or reimbursement to the estate of the $2,099.58 loss. He received no response.

6. The foregoing conduct of the respondent violates Rule 241.6 of the Colorado Supreme Court Rules concerning discipline of attorneys and also violates the Code of Professional Responsibility, DR1–102(A)(1) [ABA Model Rule 8.4(a) ], DR1–102(A)(6), DR7–101(A)(3), and DR9–102(B)(3) [ABA Model Rule 1.15].

4. C.R.C.P. 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

the pleadings or additional evidence to prevent dismissal of the charges.

■ Rule 241.13(b) governs the procedure upon entry of default and provides in relevant part:

[T]he presiding officer shall enter a default and the complaint shall be deemed admitted; provided, however, that a respondent who fails to file a timely answer may, upon a showing that his failure to answer was the result of mistake, inadvertence, surprise, or excusable neglect, obtain leave of the hearing board to file an answer.

Notwithstanding the entry of a default, the respondent shall be given notice of the final hearing, at which he may appear and present arguments to the hearing board regarding the form of discipline to be imposed.

Thereafter, the hearing board shall review all pleadings, arguments, and the Investigator's report and shall prepare a report setting forth its findings of fact and recommendation as provided in C.R.C.P. 241.15(a).

The hearing panel shall review the report of the hearing board and may either approve the report or modify it. If the hearing panel approves the hearing board's report, it shall adopt that as its own. The hearing panel must accept the hearing board's findings of fact unless, on the basis of its own review of the record, it determines that such findings are clearly erroneous. If the hearing panel modifies the hearing board's recommendation only, it need not review the record but must state the reasons for the modification.

C.R.C.P. 241.13(b) causes the allegations in the complaint to be deemed admitted upon the entry of a default. *See People v. Franco,* 738 P.2d 1174 (Colo.1987) (entry of default is deemed to admit all allegations of the complaint); *People v. Payne,* 738 P.2d 374 (Colo.1987) (same).

Of the jurisdictions that have considered the effect of a default on a disciplinary complaint, the majority has concluded that the entry of a default admits not only the well pleaded facts but also the charges in the disciplinary complaint. *In re Dorsey,* 469 A.2d 1246 (D.C.Cir.1983); *In re Bray,* 254 Ga. 385, 330 S.E.2d 93 (1985); *Office of Disciplinary Counsel v. Johnson,* 62 Haw. 95, 611 P.2d 993 (1980); *In re Discipline of Gorgos,* 382 N.W.2d 857 (Minn.1986); *In re Burgess,* 129 A.D.2d 252, 517 N.Y.S.2d 648 (1987); *In re Davis,* 279 S.C. 532, 309 S.E.2d 5 (1983); *In re Disciplinary Action of McCune,* 717 P.2d 701 (Utah 1986).

We agree with the majority view and conclude that under the Colorado Rules of Civil Procedure concerning lawyer discipline and disability proceedings both the facts and the charges in a disciplinary complaint are deemed admitted by the entry of a default under C.R.C.P. 241.13(b). Rule 241.12(a) provides in relevant part: "The complaint shall set forth clearly and with particularity the grounds for discipline with which the respondent is charged and the conduct of the respondent which gave rise to those charges." Rule 241.12(a) requires that the complaint must contain statements of both the disciplinary rules violated by the respondent and the facts underlying the violations. When a default is entered and the "complaint" is deemed admitted under rule 241.13(b), rule 241.12(a) implies that both the well pleaded facts and charges in the complaint are deemed admitted. Additional evidence is not required to establish any alleged violation of the disciplinary rules.

■ If any charge in the complaint is insufficient under C.R.C.P. 12 or 56(c), or if the respondent establishes manifest injustice under C.R.C.P. 55(c), 60(b), or 241.13(b), the hearing board may, however, require amendment of the complaint or additional evidence to substantiate any disputed charges. *People v. Rice,* 708 P.2d at 786 n. 2. We emphasize, however, that the procedures set forth in footnote 2 of *People v. Rice* were directed to insufficient allegations in the complaint that were dismissed without notice to the disciplinary prosecutor. The issue here is different and to the extent that *Rice* is inconsistent with our decision in this case or in *People v. Jacobson,* 747 P.2d 654 (Colo.1987), it is overruled.

The disciplinary rules support our conclusion that the entry of a default admits both the well pleaded facts and charges in the disciplinary complaint. The failure of a lawyer to respond to disciplinary proceedings obstructs the judicial process and does not conform to the highest standards of honesty, justice, and integrity. *See People v. Golden,* 654 P.2d 853 (Colo.1982) (attorney must adhere with dedication to the highest standards of honesty and integrity); *People v. Kenelly,* 648 P.2d 1065 (Colo. 1982) (attorney must never obstruct justice or the judicial process); C.R.C.P. 241.1 (lawyers must maintain the highest standards of professional conduct). The failure to answer a disciplinary complaint is itself a violation of the disciplinary rules. *People v. Quick,* 716 P.2d 1082 (Colo.1986); C.R.C.P. 241.6.

The requirement that the well pleaded facts and charges in a complaint are admitted by the entry of a default is not inconsistent with the provision for a default hearing under C.R.C.P. 241.13(b). Rule 241.13(b) provides in relevant part that "[n]otwithstanding the entry of a default, the respondent shall be given notice of the final hearing, at which he may appear and present arguments to the hearing board regarding the *form* of discipline to be imposed." (Emphasis added.) After the hearing, the board "shall review all pleadings, arguments, and the Investigator's report and shall prepare a report setting forth its findings of fact and recommendation...." C.R.C.P. 241.13(b). The default hearing is not intended to determine whether the alleged violation of a disciplinary rule is factually sound, but only to decide the appropriate form of sanction. After the hearing, the board is to consider only the pleadings, arguments, and investigator's report in determining its findings of fact and conclusions of law, and is not required to consider additional evidence that substantiates the allegations in the disciplinary complaint.

In this case, the disciplinary prosecutor set forth a prima facie case in Count I of *Richards I* that was proven by the respondent's default. Count I provided:

Respondent filed suit on behalf of Michael W. Townes, the complaining witness herein, on September 30, 1984. *Michael W. Townes v. Ralph Gonzales, et al.,* Case No. 84CV9165, Denver District Court. Trial was set for August 6, 1985. Shortly before trial, Mr. Townes tried to contact respondent, but respondent had disappeared and could not be located. Mr. Townes then retained another attorney and had to duplicate his records to proceed with his lawsuit.

The foregoing conduct of the Respondent violates Rule 241.6 of the Colorado Supreme Court Rules concerning discipline of attorneys and also violates the Code of Professional Responsibility, DR1–102(A)(1) [violate a disciplinary rule], DR1–102(A)(5) [prejudice to the administration of justice], DR 1–102(A)(6) [conduct adversely reflecting on a lawyer's fitness to practice law], and DR 7–101(A)(2) [intentional failure to carry out contract of employment].

The respondent did not move under C.R.C.P. 241.13(b) to vacate the default and made no showing of circumstances under C.R.C.P. 55(c), 60(b), or 241.13(b) that justified setting aside the default. In our view, the *Rice* hearing was unjustified and the charges in the first count of *Richards I* were established by Richards' default.

At the supplemental evidentiary hearing, the disciplinary prosecutor was also entitled to summary judgment under C.R.C.P. 56(c). The hearing board was presented with the investigator's report and an affidavit from the complainant substantiating the allegations of the complaint. Michael W. Townes testified that two weeks before trial the respondent, who was representing Townes in a personal injury action, deposed the complainant and a physician, and told Townes that he planned to subpoena six lay witnesses and two physicians. Several days later, Townes went to respondents' house and found him in the process of moving. The respondent assured Townes that he would contact Townes after he moved. After learning that a key witness had not been subpoenaed, Townes unsuccessfully tried to con-

tact the respondent and, confronted with an impending trial date, obtained other counsel. In our view, based on the evidence presented at the hearing, there were no issues of fact and the disciplinary prosecutor was entitled to judgment as a matter of law. The blatant violation of the respondent's professional obligations to his client and his failure to cooperate with the Grievance Committee violated not only the disciplinary rules set forth in the Townes complaint but also was contrary to C.R.C.P. 241.6(7) (failure to respond to a request by the committee without good cause shown or the obstruction of the committee or any part thereof in the performance of its duties).

After default was entered and the default hearing was concluded, the complaints in both *Richards I* and *Richards II*, in our view, were sufficient and the facts and charges in the complaints were admitted. The evidence presented at the *Rice* hearing buttressed the allegations in *Richards I*, but was unnecessary in this case to support the charges against the respondent. We disapprove of the dismissal of Count I in *Richards II*, but conclude that since the dismissal was without prejudice the disciplinary prosecutor can refile the charge if he elects to do so.

Accordingly, we order that respondent be suspended for one year and one day, and that he pay the cost of these proceedings in the amount of $840.04 within ninety days to the Grievance Committee of the Colorado Supreme Court, Dominion Plaza, Suite 500S, 600 17th Street, Denver, Colorado 80202-5435.