The PEOPLE of the State of Colorado, Complainant,

v.

George H. TILTON, Jr., Respondent.

No. 05PDJ006.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Aug. 3, 2005.

On July 26, 2005, WILLIAM R. LUCERO, the Presiding Disciplinary Judge ("PDJ" or "the Court"), conducted a Sanctions Hearing pursuant to C.R.C.P. 251.18(d). APRIL M. SEEKAMP and JAMES C. COYLE appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). GEORGE H. TILTON, JR. ("Respondent") appeared *pro se.* The PDJ issues the following Report:

1. The Complaint is attached to this Report as Exhibit A.

2. The People's Exhibit 4, Order Entering Default Judgment Against George H. Tilton, Jr., sets forth additional financial injury to the Johnson

## REPORT, DECISION, AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.15(b)

### *SANCTION IMPOSED: ATTORNEY DISBARRED*

### I. ISSUE

When a lawyer converts trust funds he holds as the trustee, the presumed sanction is disbarment. Here Respondent, serving as trustee, knowingly converted nearly $100,000 belonging to a trust and failed to pay the funds back. Respondent offered no evidence of mitigation. Is the presumptive sanction of disbarment appropriate under these circumstances? The Court concludes disbarment is the appropriate sanction.

### II. BACKGROUND

Respondent failed to participate in these proceedings prior to the Sanctions Hearing. The Court granted the People's Motion for Default on April 28, 2005. Upon entry of a default, all facts in the Complaint are deemed admitted and all rule violations in the Complaint are deemed established. *People v. Richards,* 748 P.2d 341, 346 (Colo. 1987).

The factual background in this case is fully detailed in the admitted Complaint, which is hereby adopted and incorporated by reference.[1] Respondent, while serving as a trustee, withdrew approximately $97,498.50 from the Johnson Family Trust between March 2003 and September 2004.[2] As a trustee with fiduciary duties, Respondent took these funds, placed them into accounts he controlled, and used them for his own purposes. Respondent caused serious financial and emotional injury to the trust beneficiaries by knowingly converting their property. He also seriously harmed the legal profession.

The facts admitted through the entry of default constitute a violation of Colo. RPC 8.4(c) (conduct involving dishonesty, fraud,

Family Trust including statutory interest and attorney fees as found by the Probate Court, City and County of Denver. This exhibit serves as a guide to a future Hearing Board in determining Respondent's full compliance with restitution as it relates to the Johnson Family Trust.

deceit or misrepresentation (knowing conversion)).

### III. SANCTIONS

The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA *Standards*") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. Disbarment is generally appropriate when a lawyer knowingly converts client property under ABA *Standard* 4.11. The People's Complaint establishes Respondent's misappropriation and conversion of trust funds in this case. However, the Court also must examine the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

Respondent's failure to participate in these proceedings in a meaningful way requires the Court to use the allegations set forth in the Complaint in examining the factors listed above. The Court finds Respondent breached his duties to his clients, the public, and the legal profession. The entry of default establishes Respondent's knowing mental state when he converted funds entrusted to him as trustee. The facts established by the entry of default also support a finding of actual and potential harm to the trust beneficiaries.

The People allege aggravating factors including dishonest or selfish motive, substantial experience in the practice of law, and refusal to acknowledge the wrongful nature of conduct. The People presented testimony from the successor trustee who described the substantial efforts made on her part to straighten out the trust. Two beneficiaries of the Johnson Family trust made statements to the Court regarding the extent of their financial and emotional injuries as a result of Respondent's conversion of trust funds. The Johnson family considered Respondent a trusted friend of the family. Respondent's actions clearly damaged these beneficiaries' faith and trust in the legal system.

Respondent appeared at the Sanctions Hearing, but failed to present evidence of mitigating factors. However, the Court notes Respondent does not have a prior disciplinary record.

Colorado Supreme Court case law applying the ABA *Standards* holds disbarment is the presumptive sanction for knowing conversion of beneficiary funds while the lawyer is acting as a trustee, absent significant mitigating factors. *People v. Finesilver*, 826 P.2d 1256, 1258 (Colo.1992). Knowing conversion in the context of client money "consists simply of a lawyer taking a client's money entrusted to him, knowing that it is the client's money and knowing that the client has not authorized the taking." *People v. Varallo*, 913 P.2d 1, 11 (Colo.1996) (quoting *In re Noonan*, 102 N.J. 157, 506 A.2d 722, 723 (N.J.1986)). Neither the lawyer's motive in taking the money, nor the lawyer's intent regarding whether the deprivation is temporary or permanent, are relevant for disciplinary purposes. *Id.* at 10–11. Significant mitigating factors may overcome the presumption of disbarment, however none are presented in this case. *See In re Fischer*, 89 P.3d 817 (Colo.2004).

### IV. CONCLUSION

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The facts established in the Complaint reveal a serious breach of integrity and violation of Colo. RPC 8.4(c) by an attorney who held himself out as a trusted family friend. Respondent only participated in these proceedings by appearing for the Sanctions Hearing. Absent extraordinary factors in mitigation not presented here, the ABA *Standards* and Colorado Supreme Court case law support disbarment. Thus, upon consideration of the nature of Respondent's misconduct, his mental state, the significant harm and potential harm caused, and the absence of mitigating factors, the Court concludes there is no justification for a sanction short of disbarment.

### V. ORDER

It is therefore ORDERED:

1. GEORGE H. TILTON, JR., attorney registration number 1489, is DISBARRED from the practice of law, effective thirty-one (31) days from the date of this Order, and his name shall be stricken from the list of attorneys

licensed to practice law in the State of Colorado.

2. GEORGE H. TILTON, JR., is ORDERED to demonstrate full restitution to the Johnson Family Trust, and pay $100,000.00 to the Client Protection Fund as a condition of any application for readmission.

3. GEORGE H. TILTON, JR., is ORDERED to pay the costs of this proceeding; the People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.

### *EXHIBIT A*

Case Number: 05PDJ006

Fredrick J. Kraus, # 30507, Assistant Regulation Counsel, 600 17th Street, Suite 200–South, Denver, Colorado 80202; Attorneys for Complainant

### COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

### Jurisdiction

1. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on March 24, 1952, and is registered upon the official records of this court, registration no. 1489. He is accordingly subject to the jurisdiction of this court. The respondent's last registered business address is 950 S. Cherry Street, # 710, Denver, CO 80222, and his registered home address is 9351 E. Grand Ave., Englewood, CO 80111.

### General Allegations

2. After the death of Donald F. Johnson in 1984, the respondent was nominated as a co-trustee of the Donald F. Johnson Trust (Johnson Trust), along with Mr. Johnson's wife, Muriel Johnson.

3. Muriel Johnson died on March 23, 2003, and the respondent became the sole trustee until his resignation on August 18, 2004.

### *CLAIM*

**[A Lawyer Shall Not Engage In Conduct Involving Dishonesty, Fraud, Deceit Or Misrepresentation (Knowing Conversion)-Colo. RPC 8.4(c) ]**

4. Paragraphs 1 through 3 are incorporated herein.

5. Colo. RPC 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

6. The corpus of the Johnson Trust consisted of cash and bonds.

7. The respondent knew that the funds entrusted to him as the fiduciary of the trust were to be used for trust purposes only, and were not to be used for personal or non-trust purposes.

8. From March 2003 to September 2004, the respondent withdrew approximately $97,498.50 from the Johnson Trust's bank accounts and deposited the funds into his personal account at Bank of Denver (account number 2188203) and his business account at Bank of Denver, (account number 136741).

9. The withdrawals were for personal purposes and were not for trust purposes.

10. By taking the funds from the Johnson Trust, the respondent exercised dominion or ownership over funds held in trust on behalf of the beneficiaries of the trust.

11. The respondent did not have the consent of the beneficiaries to use the Johnson Trust funds for his own purposes, or any other purpose other than the Johnson Trust's purpose.

12. Through the unauthorized exercise of dominion or ownership over the Johnson's Trust's funds as described above, the respondent knowingly converted or misappropriated funds belonging to the Johnson Trust.

13. Through his knowing conversion or misappropriation of Johnson Trust funds, the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.

14. By such conduct, the respondent violated Colo. RPC 8.4(c).

WHEREFORE, the people pray that the respondent be found to have engaged in misconduct under C.R.C.P. 251.5 and the Colorado Rules of Professional Conduct as specified above; the respondent be appropriately disciplined for such misconduct; the respondent be required makes restitution to the client protection fund pursuant to C.R.C.P. 252.14(b), and/or provide restitution to the Johnson Trust or its beneficiaries; the respondent be required to take any other remedial action appropriate under the circumstances; and the respondent be assessed the costs of this proceeding.

