The PEOPLE of the State of
Colorado, Complainant,

David William DOYLE, Respondent.

Nos. 05PDJ034, 05PDJ059.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

June 6, 2006.

## I.  ISSUE

Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury to a client.  Respondent engaged in knowing conversion and several other serious acts of misconduct.  In the most serious case, he settled a claim, forged the signature of his client, knowingly converted the settlement funds for his own use, and then misrepresented the status of the case through falsely created documents.  Is disbarment the appropriate sanction under these circumstances?

## II. *PROCEDURAL HISTORY AND FACTUAL BACKGROUND*

On May 17, 2005, the Court recommended pursuant to C.R.C.P. 251.8 that the Colorado Supreme Court immediately suspend Respondent based upon his conviction of two Class Five felonies. The Colorado Supreme Court immediately suspended Respondent on May 20, 2005.

The People subsequently filed complaints with the Court on June 6, 2005 (05PDJ034) and August 16, 2005 (05PDJ059). The Court consolidated these cases on September 28, 2005. Respondent failed to file an answer in either of these cases and the Court granted the People's motion for default as to both cases on November 29, 2005. Upon the entry of default, the Court deems all facts in the complaints admitted and all rule violations established. *People v. Richards,* 748 P.2d 341, 346 (Colo.1987).

The Court hereby adopts and incorporates by reference the factual background of these cases fully detailed in the admitted complaints.[1] In the first complaint, the People alleged that Respondent had been convicted of two Class Five felonies: possession of a Schedule IV controlled substance in violation of C.R.S. § 18–18–401; and making a false or forged order to acquire a controlled substance in violation of C.R.S. § 18–18–405. The second complaint alleged twenty-four individual claims for relief and detailed numerous acts of serious misconduct in several client matters. It detailed Respondent's forgery and conversion of client funds (the Avery matter), abandonment of three separate clients (the Hippner, Cuthriell, and Russo matters), the serious neglect of another client (the Simons matter) and a serious failure to comply with court orders directed to Respondent arising out of his neglect of yet another client matter (the ARC matter).

The most serious claim involved Respondent's theft of settlement funds from a client. Gordon Barker, an elderly man, gave power of attorney to his daughter, Lynn Avery, to retain Respondent to pursue claims arising out of injuries he sustained in an automobile accident. Respondent, without notice to Ms. Avery or Mr. Barker, settled Mr. Barker's claim for $17,196.00 in December 2004. He subsequently forged Mr. Barker's signature on the check and converted the funds to his own use and benefit. At the same time, Respondent misrepresented the status of the case to Ms. Avery through a forged letter from the insurance company.

The facts admitted through the entries of default constitute multiple violations of the Colorado Rules of Professional Conduct including: Colo. RPC 8.4(b) (committing a criminal act); C.R.C.P. 251.5(b) (committing a criminal act); Colo. RPC 1.3 (acting with reasonable diligence); Colo. RPC 1.4(a) and (b) (communication with a client); Colo. RPC 1.16(d) (protecting a client's interests upon termination of representation); Colo. RPC 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice).

## III. *SANCTIONS*

■ The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA *Standards* ") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. *In re Roose,* 69 P.3d 43, 46–47 (Colo.2003). Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client. ABA *Standard* 4.11. Disbarment is therefore the presumptive sanction in this case.[2] The Court, however, must also examine the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

---

1. *See* the People's complaints filed June 6, 2005 and August 16, 2005.

2. The facts established by the admitted complaints reveal that Respondent engaged in numerous additional violations of the Colorado Rules of Professional Conduct. However, Respondent's conversion of funds alone warrants disbarment.

Although Respondent participated in the immediate suspension proceedings, his failure to participate since that time in any meaningful way leaves the Court with no alternative but to consider only the established facts and rule violations set forth in the complaints in evaluating the first three factors listed above. The Court finds Respondent breached his duties of diligence and honesty to his clients and the legal profession. The entry of default established that Respondent knowingly converted funds entrusted to his by his client and treated them as his own. The facts established by the entries of default also support a finding of actual and potential harm to Respondent's clients, the public, and the legal profession.[3]

The People alleged several aggravating factors including dishonest or selfish motive, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law. *See* ABA *Standards* 9.22(b), (c), and (i). Due in part to the absence of any contradictory evidence, the Court finds clear and convincing evidence to support each aggravating factor alleged by the People.

Respondent presented no evidence in mitigation. However, the People stated that Respondent has no prior disciplinary record and likely suffered from an addiction to prescription pain killers he took to relieve back pain. *See* ABA *Standards* 9.32(a) and (h). Although this statement does not present sufficient evidence of a physical impairment, the Court considered the statement from the People in deciding the appropriate sanction.

In the absence of significant mitigating factors, Colorado Supreme Court case law applying the ABA *Standards* holds disbarment is the presumptive sanction for conversion of client funds. Knowing conversion or misappropriation of client money "consists simply of a lawyer taking a client's money entrusted to him, knowing that it is the client's money and knowing that the client has not authorized the taking." *People v. Varallo,* 913 P.2d 1, 11 (Colo.1996). Neither the lawyer's motive in taking the money, nor the lawyer's intent regarding whether the

deprivation is temporary or permanent, are relevant for disciplinary purposes. *Id.* at 10–11. Significant mitigating factors may overcome the presumption of disbarment, however, none are presented in this case. *See In re Fischer,* 89 P.3d 817 (Colo.2004) (finding significant facts in mitigation).

## IV. CONCLUSION

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The facts established in the complaints reveal the serious danger Respondent poses to the public. He repeatedly failed to deal diligently and honestly with his clients. Converting client funds warrants serious discipline. Absent extraordinary factors in mitigation not presented here, the ABA *Standards* and Colorado Supreme Court case law applying the ABA *Standards* both support disbarment. Upon consideration of the nature of Respondent's misconduct, his mental state, the significant harm and potential harm caused, and the absence of mitigating factors, the Court concludes there is no justification for a sanction short of disbarment.

## V. ORDER

The Court therefore **ORDERS:**

1. DAVID WILLIAM DOYLE, Attorney Registration No. 13885, is **DISBARRED** from the practice of law, effective thirty-one (31) days from the date of this Order, and her name shall be stricken from the list of attorneys licensed to practice law in the State of Colorado.

2. DAVID WILLIAM DOYLE **SHALL** pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.

---

**3.** The Court also considered a written statement from Brandi Rousseau, a complaining witness, in    finding actual harm to Respondent's clients.