The PEOPLE of the State of Colorado, Complainant,

v.

Bobby O. WHEELER, Respondent.

No. 06PDJ033.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Sept. 7, 2006.

On August 2, 2006, the Presiding Disciplinary Judge (the Court) held a Sanctions Hearing pursuant to C.R.C.P. 251.18(d). Kim E. Ikeler appeared on behalf of the Office of Attorney Regulation Counsel (the People). Bobby O. Wheeler (Respondent) did not appear, nor did counsel appear on his behalf. The Court issues the following Report, Decision and Order Imposing Sanctions.

## REPORT, DECISION AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

### I. *ISSUE*

If Regulation Counsel does not seek substantially different discipline and the respondent does not challenge an order based on any of the grounds set forth in C.R.C.P. 251.21(d), the Presiding Disciplinary Judge may impose the same discipline imposed by a foreign jurisdiction. The California Supreme Court disbarred Respondent for violating a court rule and order and the People seek the reciprocal sanction. Respondent failed to participate in these proceedings. Is disbarment the appropriate reciprocal discipline?

*SANCTION IMPOSED:* **ATTORNEY DISBARRED**

### II. *PROCEDURAL HISTORY AND BACKGROUND*

The People filed a Complaint in this matter on May 1, 2006. Respondent failed to file an Answer and the Court granted the Peoples Motion for Default on June 23, 2006. Upon the entry of default, the Court deems all facts in the Complaint admitted and all rule violations established by clear and con-

1. The Court attaches the Decision Including Disbarment Recommendation and Order of Involuntary Inactive Enrollment issued by the Honorable

vincing evidence. *People v. Richards,* 748 P.2d 341, 346 (Colo.1987).

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted Complaint and its attachments. The Complaint outlined the extensive efforts the People took to provide Respondent with actual notice of these proceedings. On April 8, 2005, the California Supreme Court disbarred Respondent based on the recommendation of the Honorable Richard A. Honn, Judge of the State Bar Court.[1] The disbarment was based on Respondents failure to comply with a court rule and a court order. Respondent did not participate either in-person or through counsel.

On January 23, 2004, the California Supreme Court filed an order and suspended Respondent for forty-five days and until the court granted a motion to terminate his suspension pursuant to the rules of procedure. If Respondent remained suspended beyond ninety days, he had to comply with CRC 955(a) by June 21, 2004, and CRC 955(c) by July 1, 2004. As of November 8, 2004, Respondent had not filed with the State Bar Court the affidavit required by CRC 955(c) and had not offered an explanation for his failure to comply with this rule. Therefore, Judge Honn found that Respondent willfully violated the order of January 23, 2004 when he failed to comply with CRC 955(c). This constituted a violation of section 6103, which requires attorneys to obey court orders.

A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction although engaged in practice elsewhere. Colo. RPC 8.5. A final adjudication in another jurisdiction of misconduct constituting grounds for discipline of an attorney shall, for purposes of proceedings pursuant to these Rules, conclusively establish such misconduct. C.R.C.P. 251.21(a). The adopted facts establish that Respondent violated Colo. RPC 3.4(c) (knowingly disobeyed an obligation under the rules of a tribunal).

Richard A. Honn and the Order of Disbarment from the California Supreme Court to this report.

## III. *SANCTIONS*

At the conclusion of proceedings brought under C.R.C.P. 251.21, a Hearing Board shall issue a decision imposing the same discipline imposed by the foreign jurisdiction, unless it is determined by the Hearing Board that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Hearing Board cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Hearing Board of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Hearing Board.

C.R.C.P. 251.21(d)(1–4). However, if Regulation Counsel does not seek substantially different discipline and if the respondent does not challenge the order based on any of the grounds set forth in (d)(1–4) above, then the Presiding Disciplinary Judge may, without a hearing or Hearing Board, issue a decision imposing the same discipline as imposed by the foreign jurisdiction. C.R.C.P. 251.21(e). The People did not seek a substantially different discipline and Respondent did not challenge the order from the California Supreme Court. Accordingly, the Court issues this decision imposing the same discipline as imposed by the California Supreme Court.

## IV. *CONCLUSION*

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The Colorado Rules of Professional Conduct specifically protect the public from lawyers licensed in Colorado but who practice in other jurisdictions. Respondents failure to participate in these reciprocal proceedings or challenge the order of disbarment from California leaves the Court with no option but to impose the same discipline. Accordingly, the Court concludes disbarment is the appropriate sanction in this case.

## V. *ORDER*

The Court therefore **ORDERS:**

1. BOBBY O. WHEELER, Attorney Registration No. 21059, is **DISBARRED** from the practice of law, effective thirty-one (31) days from the date of this Order, and his name shall be stricken from the list of attorneys licensed to practice law in the State of Colorado.

2. BOBBY O. WHEELER **SHALL** pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.