**The PEOPLE of the State of Colorado, Complainant**

v.

**Gerald W. YOUNG, Respondent.**

**No. 07PDJ076.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Dec. 30, 2008.

Attorney Regulation. Following a Sanctions Hearing, the Presiding Disciplinary

Judge disbarred Gerald W. Young (Attorney Registration No. 08818) from the practice of law, effective January 30, 2009. The Colorado Supreme Court had immediately suspended Respondent on January 10, 2008. Respondent received a $2000.00 retainer fee from his client, deposited it into his operating account instead of his COLTAF account, and thereafter performed little or no work on the case. The facts admitted by default proved violations of Colo. RPC 8.4(c) as well as Colo. RPC 1.15(a), (b), and (c). Respondent failed to present any mitigating evidence or otherwise participate in these proceedings. Accordingly, the Presiding Disciplinary Judge found no adequate basis to depart from the presumptive sanction of disbarment.

On November 4, 2008, the Presiding Disciplinary Judge ("the Court") held a Sanctions Hearing pursuant to C.R.C.P. 251.18(d). Charles E. Mortimer appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). Gerald W. Young ("Respondent") did not appear, nor did counsel appear on his behalf. The Court now issues the following "Report, Decision, and Order Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

## REPORT, DECISION, AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

### I. ISSUE

█ Disbarment is the presumptive sanction when a lawyer knowingly converts client funds and causes serious or potentially serious injury. Respondent received a $2000.00 retainer fee from his client, deposited it into his operating account instead of his COLTAF account, and thereafter performed little or no work on the case. He also failed to answer the Complaint or otherwise participate in these proceedings. What is the appropriate sanction under these circumstances?

*SANCTION IMPOSED:* **ATTORNEY DISBARRED**

### II. PROCEDURAL HISTORY

█ The People filed a Complaint in this matter on January 31, 2008.[1] Respondent

failed to file an Answer. The Court granted "Complainant's Motion for Default" on May 14, 2008. Upon the entry of default, the Court deems all facts set forth in the Complaint admitted and all rule violations established by clear and convincing evidence. *People v. Richards*, 748 P.2d 341, 346 (Colo. 1987).

### III. FINDINGS OF FACT

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted Complaint.[2] Respondent took and subscribed the Oath of Admission and gained admission to the Bar of the Colorado Supreme Court on October 4, 1979. He is registered upon the official records, Attorney Registration No. 08818, and is therefore subject to the jurisdiction of the Court.

In November 2005, Dana Terrill retained Respondent to represent her in certain post-decree dissolution of marriage matters. She paid Respondent two separate checks in the amount of $1000.00 each for a total retainer fee of $2000.00. Respondent deposited each of these checks into his operating account instead of his COLTAF account, and thereafter performed very limited services on Ms. Terrill's behalf, at most, services with a total value of $490.00.

After sending his final bill to Ms. Terrill, Respondent completely stopped communicating with Ms. Terrill. Respondent then disappeared. Ms. Terrill never received the benefit of, or even witnessed, any legal services performed by Respondent on her behalf. Respondent never provided Ms. Terrill any of the documents he claimed to have drafted in his billing statement. Respondent never filed any documents on behalf of Ms. Terrill.

The admitted Complaint in this case presented clear and convincing evidence that Respondent knowingly converted client funds (the retainer fee) in the amount of $2000.00.

---

1. The Colorado Supreme Court immediately suspended Respondent from the practice of law on January 10, 2008.

2. *See* the People's Complaint in 07PDJ076.

The Court therefore concluded that Respondent violated Colo. RPC 8.4(c) (knowing conversion). The Court also concluded that Respondent violated Colo. RPC 1.15(a), (b), and (c) (safekeeping property) when he failed to properly handle funds belonging to his client.

## IV. SANCTIONS

■ The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA Standards") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. In re Roose, 69 P.3d 43, 46–47 (Colo.2003). In imposing a sanction after a finding of lawyer misconduct, the Court must first consider the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA Standard 3.0.

■ Respondent's failure to participate in these proceedings leaves the Court with no alternative but to consider only the established facts and rule violations set forth in the Complaint in evaluating the first three factors listed above. The Court finds that Respondent violated a duty owed to his client. Respondent specifically violated his duty to preserve the property of his client. The entry of default established that Respondent *knowingly* engaged in this conduct and caused significant actual and potential harm.

The Court finds aggravating factors exist in this case including a dishonest or selfish motive and substantial experience in the practice of law, indifference to making restitution. See ABA Standards 9.22(b) and (i). Due in part to the absence of any contradictory evidence, the Court finds clear and convincing evidence to support each aggravating factor. Respondent failed to participate in these proceedings and therefore presented no evidence in mitigation. However, the People acknowledged that Respondent has no prior disciplinary record. See ABA Standard 9.32(a).

■ The ABA Standards suggest that the presumptive sanction for the misconduct evidenced by the admitted facts and rule violations in this case is disbarment. Dis-

barment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client. ABA Standard 4.11. Colorado Supreme Court case law applying the ABA Standards holds that disbarment is the presumptive sanction for conversion of client funds. Knowing conversion or misappropriation of client money "consists simply of a lawyer taking a client's money entrusted to him, knowing that it is the client's money and knowing that the client has not authorized the taking." People v. Varallo, 913 P.2d 1, 11 (Colo.1996). Neither the lawyer's motive in taking the money, nor the lawyer's intent regarding whether the deprivation is temporary or permanent, are relevant for disciplinary purposes. Id. at 10–11. Significant mitigating factors may overcome the presumption of disbarment, however, none are presented in this case. See In re Fischer, 89 P.3d 817 (Colo.2004) (finding significant factors in mitigation).

Respondent knowingly converted client funds. His use and failure to return these funds warrants disbarment. Respondent's failure to participate in these proceedings or present significant factors in mitigation further precludes any deviation from the presumptive sanction.

## V. CONCLUSION

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The facts established in the Complaint, without explanation or mitigation, reveal the danger Respondent poses to the public. This misconduct adversely reflects on his fitness to practice law. Absent extraordinary factors in mitigation not presented here, the ABA Standards and Colorado Supreme Court case law applying the ABA Standards both support disbarment. Upon consideration of the nature of Respondent's misconduct, his mental state, the significant harm and potential harm caused, and the absence of significant mitigating factors, the Court concludes there is no justification for a sanction short of disbarment.

## VI. *ORDER*

The Court therefore **ORDERS**:

1. GERALD W. YOUNG, Attorney Registration No. 08818, is hereby **DISBARRED** from the practice of law, effective thirty-one (31) days from the date of this order, and his name shall be stricken from the list of attorneys licensed to practice law in the State of Colorado.

2. Respondent **SHALL** pay full restitution to Dana Terrill, or the Colorado Attorney's Fund for Client Protection, in the amount of $2,000.00, plus statutory interest commencing from December 1, 2005.

3. Respondent **SHALL** pay the costs of these proceedings. The People shall submit a "Statement of Costs" within fifteen (15) days of the date of this order. Respondent shall have ten (10) days within which to respond.

/s/ _____

WILLIAM R. LUCERO
PRESIDING DISCIPLINARY JUDGE