The **PEOPLE of the State of Colorado, Complainant**

v.

**Theodora H. LENIHAN.**

**No. 12PDJ019.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Oct. 5, 2012.

---

## DECISION AND ORDER IMPOSING RECIPROCAL DISCIPLINE PURSUANT TO C.R.C.P. 251.21(e)

This matter is before the Presiding Disciplinary Judge ("the Court") on "Complainant's Motion for Determination of a Question of Law Regarding Sanctions and to Vacate Sanctions Hearing" filed by Adam J. Espinosa, Office of Attorney Regulation Counsel ("the People"), on June 14, 2012. Theodora H. Lenihan ("Respondent") did not file a response to the motion.[1] The Court now issues the following "Decision and Order Imposing Reciprocal Discipline Pursuant to C.R.C.P. 251.21(e)."

## I. *SUMMARY*

The Court may impose the same discipline as imposed by a foreign jurisdiction if the People do not seek substantially different discipline and if the respondent does not

---

1. *See* C.R.C.P. 121, § 1–15 (stating that a responding party shall have fourteen days to respond to a motion filed within forty-two days of a trial date).

2. C.R.C.P. 251.15(b); *People v. Richards*, 748 P.2d 341, 346 (Colo.1987); *see also* C.R.C.P.

---

challenge the order on any of the grounds set forth in C.R.C.P. 251.21(d)(1)-(4). Here, Respondent has not challenged her suspension of sixty days imposed by the Supreme Court of Oregon for failing to comply with trust account certification requirements and failing to respond to inquiries from the Oregon Disciplinary Counsel ("Disciplinary Counsel"), and the People seek an identical sanction. Accordingly, the Court suspends Respondent from the practice of law in Colorado for sixty days.

## II. *PROCEDURAL HISTORY*

The People filed a citation and complaint in this matter on February 21, 2012. Respondent did not file an answer or any other responsive pleading. The People filed a "Proof of Service of Citation and Complaint" on February 27, 2012. On March 15, 2012, the People sent a letter to Respondent advising her that her answer to the complaint had been due on March 14, 2012, and requesting that she file her answer within ten days.

On March 26, 2012, the People filed a motion for default. Respondent failed to respond to the motion, and the Court granted the default on April 23, 2012, and set the matter for a sanctions hearing on July 25, 2012. Because the Court granted default in this matter, the facts and rule violations contained in the complaint have been established by clear and convincing evidence.[2]

In their pending motion, the People ask the Court, pursuant to C.R.C.P. 251.21(e), to impose an identical sanction to that which the Supreme Court of Oregon ordered, and to vacate the sanctions hearing. The People also assert that because there is no genuine issue of material fact they are entitled to judgment as a matter of law in accordance with C.R.C.P. 56(h).

## III. *ANALYSIS*

The Court hereby adopts and incorporates by reference the factual background of this

---

251.21(a) ("Except as otherwise provided by these Rules, a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of an attorney shall, for purpose of proceedings pursuant to these Rules, conclusively establish such misconduct.").

case, as fully detailed in the admitted complaint.[3] Respondent took the oath of admission and was admitted to the Bar of the Colorado Supreme Court on November 30, 2010, under attorney registration number 42886.[4] She is thus subject to the Court's jurisdiction in these disciplinary proceedings.[5]

Pursuant to Oregon RPC 1.15–2(m), every member of the Oregon State Bar ("Oregon Bar") is required to certify annually that the lawyer is in compliance with trust account management procedures in accordance with Oregon RPC 1.15–1 and 1.15–2(m) ("IOLTA certification").[6] In December 2009, the Oregon Bar mailed an IOLTA certification compliance form to all active Oregon Bar members, including Respondent, setting February 1, 2010, as the due date for filing the certification. Respondent failed to complete and submit the IOLTA certification compliance form. From May 2010 to August 2010, the Oregon Bar repeatedly asked Respondent to respond to the lawful inquires of the Disciplinary Counsel regarding her IOLTA certification compliance. Respondent failed to respond to those inquiries.

Disciplinary Counsel commenced formal disciplinary proceedings against Respondent. In October 2011, Respondent and the Oregon Bar entered into a "Stipulation for Discipline." The parties agreed to a sixty-day suspension for Respondent's violations of Oregon RPC 1.15–2(m) and 8.1(a)(2). On October 25, 2011, the Supreme Court of Oregon approved the stipulation and entered an order suspending Respondent from the prac-

tice of law for sixty days, effective on the date of the order.[7]

Pursuant to C.R.C.P. 251.21(e), if the People do not seek substantially different discipline and the respondent does not challenge the final adjudication of misconduct, the Court may, without a hearing or a hearing board, issue a decision imposing the same discipline as imposed by the foreign jurisdiction. Here, the People seek the same discipline as that imposed by the Supreme Court of Oregon, and Respondent has not challenged the order in these proceedings.[8] Accordingly, the Court concludes that a hearing is unnecessary and suspension for sixty days is the appropriate sanction in this case.

## IV. *ORDER*

The Court therefore ORDERS:

1. Theodora H. Lenihan, attorney registration number 42886, is **SUSPENDED** from the practice of law for **60 days.** The suspension **SHALL** become effective **35 days** from the date of this order upon the issuance of an "Order and Notice of Suspension" by the Court and in the absence of a stay pending appeal pursuant to C.R.C.P. 251.27(h).[9]

2. The sanctions hearing scheduled for July 25, 2012, is **VACATED.**

3. Respondent **SHALL** file any post-hearing motion or application for stay pending appeal with the Court **on or before July 24, 2012.** No extensions of time will be granted.

4. Respondent **SHALL** pay the costs of these proceedings. The People **SHALL** submit a "Statement of Costs" within 14 days of

---

3. *See* the People's complaint for further detailed findings of fact.

4. Respondent's registered business address is 1722 Emerson Street, Denver, Colorado 80218. Her last known home address is 430 SW 13th Avenue, Portland, Oregon 97205.

5. *See* C.R.C.P. 251.1(b).

6. IOLTA is short for "Interest on Lawyers Trust Accounts."

7. *See* People's Mot. for Determination of Question of Law Ex. 1.

8. In their complaint, the People cite C.R.C.P. 56(h) in support of a judgment as a matter of law

imposing reciprocal discipline. However, C.R.C.P. 251.21 governs this matter and establishes both that reciprocal discipline is applicable and, because Respondent did not challenge the order, that the Court may impose reciprocal discipline without a hearing. Therefore, it is not necessary to address the matter under C.R.C.P. 56(h).

9. In general, an order and notice of sanction will issue thirty-five days after a decision is entered pursuant to C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later thirty-five days by operation of C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.

the date of this order. Respondent shall have 7 days within which to respond.

5. Respondent **SHALL** file with the Court, within 14 days of the effective date of the suspension, an affidavit complying with C.R.C.P. 251.28(d).

6. Should Respondent wish to resume the practice of law, Respondent will be required to submit to the People, within 28 days prior to the end of her period of suspension, an affidavit complying with C.R.C.P. 251.29(b).