The PEOPLE of the State of
Colorado, Complainant,

v.

Josh P. TOLIN, Respondent.

No. 06PDJ047.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

Nov. 3, 2006.

**REPORT, DECISION AND ORDER GRANTING DEFAULT AND IMPOSING RECIPROCAL DISCIPLINE PURSUANT TO C.R.C.P. 251.21(e)**

This matter is before the Presiding Disciplinary Judge ("the Court") on "Complainants Motion for Default" filed by James C. Coyle, Office of Attorney Regulation Counsel ("the People"), on October 5, 2006. Josh P. Tolin ("Respondent") did not file a response. The Court therefore issues the following Report, Decision and Order Imposing Reciprocal Discipline Pursuant to C.R.C.P. 251.21(e).

## I. *ISSUE*

If the People do not seek substantially different discipline and Respondent does not challenge an order based on any of the grounds set forth in C.R.C.P. 251.21(d), the Court may impose the same discipline imposed by a foreign jurisdiction. The Supreme Court of Missouri disbarred Respondent for engaging in conduct involving dishonesty, fraud, deceit and misrepresentation. Respondent failed to participate in these proceedings and the People seek reciprocal discipline. Is disbarment the appropriate reciprocal sanction?

*SANCTION IMPOSED:* **ATTORNEY DISBARRED**

## II. *PROCEDURAL HISTORY AND BACKGROUND*

The People filed a complaint in this matter on June 26, 2006. They also filed a proof of service on September 15, 2006, which detailed their extensive efforts to obtain service of process by certified mail.[1]

Respondent failed to file an answer in a timely manner, but did file "Respondent's Response to Delay Reduction Order" on August 2, 2006. In this response, Respondent requested that the Court allow him to "retire and/or surrender his license to practice in order to save both the time and costs of both parties." On October 5, 2006, the People filed a motion for default. Under the circumstances set forth above, C.R.C.P. 251.15(b) requires the Court to enter a default:

---

1. Respondent acknowledged receipt of the Complaint in phone conversations with the People.

If the respondent fails to file an answer within the period provided by subsection (a) ... the Presiding Disciplinary Judge shall enter a default, and the complaint shall be deemed admitted[.]

The Court finds that the complaint meets the requirements of C.R.C.P. 251.14(a) (a complaint shall set forth clearly and with particularity the grounds for discipline with which the respondent is charged and the conduct of the respondent which gave rise to those charges). Accordingly, the Court **GRANTS** the People's motion for default. The entry of default now establishes the facts and rule violations set forth in the complaint. *People v. Richards*, 748 P.2d 341, 346 (Colo. 1987); C.R.C.P. 251.15(b).

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted complaint and its attachments. Respondent has taken and subscribed the Oath of Admission in Colorado, was admitted to the bar of this Court on May 16, 1996, and is registered upon the official records of this Court, Attorney Registration No. 26899. He is therefore subject to the jurisdiction of this Court in these disciplinary proceedings pursuant to C.R.C.P. 251.1(b).

On April 11, 2006, the Supreme Court of Missouri disbarred Respondent for engaging in conduct involving dishonesty, fraud, deceit and misrepresentation.[2] Respondent participated in the Missouri proceedings.

Respondent's client, Brenda Dietrich, gave Respondent copies of her driver's license and birth certificate during the course of Respondent's representation of her in a wrongful death case. This personal information was later stolen from the client file by an acquaintance of Respondent, Amy Lennen, with whom Respondent was intimately involved. Ms. Lennen obtained this information when she was provided after-hours solitary access to Respondent's office suite where his client files were kept.

Respondent subsequently learned that Ms. Lennen had stolen Ms. Dietrich's identity.

However, he consciously and intentionally withheld information from Ms. Dietrich concerning the identity theft. Respondent also consciously abetted Ms. Lennen's scheme by making a payment on a loan and paying off a cancelled credit card account fraudulently obtained by Ms. Lennen using Ms. Dietrich's identity. At no time did Respondent tell Ms. Dietrich that personal information had been stolen from her client file and used by Ms. Lennen for fraudulent purposes.

"A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction although engaged in practice elsewhere." Colo. RPC 8.5. A final adjudication in another jurisdiction of misconduct constituting grounds for discipline of an attorney shall, for purposes of proceedings pursuant to these Rules, conclusively establish such misconduct. C.R.C.P. 251.21(a). The adopted facts establish that Respondent engaged in conduct constituting grounds for the imposition of discipline pursuant to C.R.C.P. 251.5 and C.R.C.P. 251.21(a).

## III. *SANCTIONS*

The Colorado Rules of Civil Procedure and the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") are the guiding authorities for imposing reciprocal discipline for lawyer misconduct. Reciprocal discipline is the imposition of a sanction for conduct that already gave rise to discipline in another jurisdiction. C.R.C.P. 251.21(a) provides:

Except as otherwise provided by these Rules, a final adjudication in another jurisdiction of misconduct constituting grounds for discipline of an attorney shall, for purposes of proceedings pursuant to these Rules, conclusively establish such misconduct.

The purpose of this rule is to enhance public confidence in the profession by preventing lawyers admitted to practice in more than one jurisdiction from avoiding the effect of discipline by simply practicing in another

---

2. The Court attaches to this report the order of disbarment from the Supreme Court of Missouri and the "Findings of Fact and Conclusions of Law and Decision of the Disciplinary Hearing Panel."

jurisdiction. ABA *Standard* 2.9, *Commentary.*

Under C.R.C.P. 251.21(d), the same discipline should be imposed in Colorado as in the foreign jurisdiction. However, respondent attorneys may challenge the validity of discipline imposed elsewhere on any of the following bases: 1) the procedure followed in the foreign jurisdiction did not comport with due process requirements; 2) the proof upon which the other jurisdiction relied is so infirm that the Court cannot accept the determination as final and remain consistent with its duty; 3) the imposition of the same discipline would result in grave injustice; or 4) the misconduct proved warrants a substantially different form of discipline. C.R.C.P. 251.21(d)(1–4).

However, if Regulation Counsel does not seek substantially different discipline and if the respondent does not challenge the order based on any of the grounds set forth in (d)(1–4) above, then the Presiding Disciplinary Judge may, without a hearing or Hearing Board, issue a decision imposing the same discipline as imposed by the foreign jurisdiction. C.R.C.P. 251.21(e). In this case, the People do not seek a substantially different discipline and Respondent did not challenge the order from the Supreme Court of Missouri. Accordingly, the Court issues this decision imposing the same discipline as imposed by the Supreme Court of Missouri.

## IV. *CONCLUSION*

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The Colorado Rules of Professional Conduct specifically protect the public from lawyers licensed in Colorado but who practice in other jurisdictions. Respondents failure to participate in these reciprocal proceedings or challenge the order of disbarment from Supreme Court of Missouri leaves the Court with no option but to impose the same discipline, which it finds reciprocally appropriate. Accordingly, the Court concludes disbarment is the appropriate sanction in this case.

## V. *ORDER*

The Court therefore **ORDERS**:

1. The Court **GRANTS** "Complainant's Motion for Default" filed by the People on October 5, 2006.

2. JOSH P. TOLIN, Attorney Registration No. 26899, is **DISBARRED** from the practice of law, effective thirty-one (31) days from the date of this Order, and his name shall be stricken from the list of attorneys licensed to practice law in the State of Colorado.

3. JOSH P. TOLIN **SHALL** pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.