## PEOPLE

v.

## Michael Scott COLLINS.

### No. 14PDJ042.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

### Dec. 2, 2014.

----

17. In general, an order and notice of disbarment will issue thirty-five days after a decision is entered pursuant to C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later than thirty-five days by operation of C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.

## OPINION AND DECISION IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

On October 6, 2014, the Presiding Disciplinary Judge (the "Court") held a sanctions hearing in this reciprocal discipline matter pursuant to C.R.C.P. 251.15(b). Erin R. Kristofco appeared on behalf of the Office of Attorney Regulation Counsel ("the People"), but Michael Scott Collins ("Respondent") did not appear. The Court now issues the following "Opinion and Decision Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

## I. *SUMMARY*

The People filed a complaint alleging that Respondent had been suspended for three years in Tennessee and that the same sanction should be imposed in Colorado under C.R.C.P. 251.21. Respondent failed to answer the charges, and this Court entered default against him. Respondent did not participate in the sanctions hearing or otherwise challenge imposition of reciprocal discipline based on Tennessee's order of suspension. The Court therefore concludes that Respondent's license to practice law in Colorado should be suspended for a period of three years and that, as a condition precedent to his reinstatement in Colorado, Respondent must comply with the restitution, evaluation, and monitoring conditions imposed by the Supreme Court of Tennessee.

## II. *PROCEDURAL HISTORY*

■ The People filed their complaint against Respondent on May 8, 2014.[1] Respondent failed to answer the complaint, and the Court granted the People's motion for default on July 24, 2014. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence.[2] At the sanctions hearing on October 6, 2014, the People did not call any witnesses or introduce any exhibits.[3]

---

1. On that date, the People sent the complaint by certified mail to Respondent at his registered business address of 211 Union Street # 925, Nashville, Tennessee 37201–1588.

2. *See* C.R.C.P. 251.15(b); *People v. Richards,* 748 P.2d 341, 346 (Colo.1987).

3. The People did, however, call the Court's attention to exhibits A–B attached to their complaint.

## III. ESTABLISHED FACTS AND RULE VIOLATIONS

The Court hereby adopts and incorporates by reference the factual background of this case, as fully detailed in the admitted complaint. Respondent took the oath of admission and was admitted to the bar of the Colorado Supreme Court on October 21, 1996, under attorney registration number 27234. He is thus subject to the Court's jurisdiction in these disciplinary proceedings.[4]

On December 10, 2013, the Supreme Court of Tennessee entered an "Order of Enforcement" suspending Respondent from the practice of law in the State of Tennessee for a period of three years; ordering him to pay restitution; directing him to contact the local lawyers' assistance program for evaluation and, if appropriate, monitoring; and requiring practicing monitoring if he seeks reinstatement in the future. In so doing, the Supreme Court of Tennessee approved findings of the hearing panel, as summarized by the Board of Professional Responsibility of the Supreme Court of Tennessee:

A Hearing Panel determined that [Respondent] received a $27,500.00 retainer fee to represent a client in a post-divorce criminal contempt proceeding and failed to deposit the retainer into his trust account. [Respondent] was also retained by the client's relative to recover certain personal property. The Panel determined [Respondent] failed to provide agreed upon legal services to his clients, failed to communicate timely with his clients regarding the status of their respective cases and misled his clients regarding the status and progress of their respective cases. The Panel found the retainer fees charged by [Respondent] were unreasonable. In addition, the Hearing Panel specifically found [Respondent] charged the client $10,000.00 to become a member of his "professional family" and that said charge was unrelated to

any legal services and constituted an improper and unreasonable fee.

[Respondent's] actions violated Rules of Professional Conduct 1.2 (scope of representation), 1.3 (diligence), 1.4 (communication), 1.5 (fees), 1.15 (safekeeping property and funds), 3.2 (expediting litigation), 8.1 (disciplinary matters), and 8.4(a) and (d) (misconduct).[5]

The Supreme Court of Tennessee's final adjudication, which finds that Respondent's misconduct constitutes grounds for discipline, conclusively establishes such misconduct in the State of Colorado.[6]

## IV. SANCTIONS

■ C.R.C.P. 251.21(e) provides that if the People do not seek "substantially different discipline" and if Respondent does not challenge the order based on certain enumerated grounds, "then the [Court] may, without a hearing or a Hearing Board, issue a decision imposing the same discipline as imposed by the foreign jurisdiction." Here, the People seek imposition of a three-year suspension—the same discipline as that imposed by the Supreme Court of Tennessee. Further, Respondent has not participated in this proceeding and therefore has not challenged the Tennessee order. Accordingly, the Court suspends Respondent from the practice of law in Colorado for a period of three years. As a condition precedent to his reinstatement in Colorado, the Court also orders Respondent to make restitution and comply with the evaluation and monitoring conditions imposed by the Supreme Court of Tennessee.

## V. ORDER

The Court therefore **ORDERS:**

1. **MICHAEL SCOTT COLLINS,** attorney registration number **27234,** is **SUSPENDED** FOR A PERIOD OF **THREE YEARS.** The **SUSPENSION SHALL** take effect only upon issuance of an "Order and Notice of Suspension."[7]

---

4. *See* C.R.C.P. 251.1(b).

5. Compl. Ex. B.

6. C.R.C.P. 251.21(a).

7. In general, an order and notice of suspension will issue thirty-five days after a decision is entered pursuant to C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later than thirty-five days by operation of

2. As a condition precedent to his reinstatement to the practice of law in Colorado, Respondent **SHALL** comply with the terms and conditions set forth in paragraph (1) of the Supreme Court of Tennessee's "Order of Enforcement" issued on December 10, 2013.[8]

3. Respondent **SHALL** promptly comply with C.R.C.P. 251.28(a)-(c), concerning winding up of affairs, notice to parties in pending matters, and notice to parties in litigation.

4. Within fourteen days of the effective date of his suspension, Respondent **SHALL** comply with C.R.C.P. 251.28(d), requiring an attorney to file an affidavit with the Court setting forth pending matters and attesting, inter alia, to notification of clients and other jurisdictions where the attorney is licensed.

5. The parties **SHALL** file any post-hearing motion or application for stay pending appeal with the Court on or before **Tuesday, November 18, 2014.** No extensions of time will be granted. If a party files a post-hearing motion or an application for stay pending appeal, any response thereto **SHALL** be filed within seven days, unless otherwise ordered by the Court.

6. Respondent **SHALL** pay the costs of these proceedings. The People **SHALL** file a statement of costs **on or before Monday, November 10, 2014.** Respondent's response to the People's statement, if any, must be filed no later than **seven days** thereafter.

C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.

8. *See* Compl. Ex. B.