The PEOPLE of the State of Colorado, Complainant,

v.

Philipp Charles THEUNE, Respondent.

No. 14PDJ107.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

July 21, 2015.

Following a sanctions hearing, the Presiding Disciplinary Judge disbarred Philipp Charles Theune (Attorney Registration Number 22089), effective August 25, 2015.

Theune represented a client in a contract dispute involving the sale of real estate. After the buyer tendered $400,000.00 to Theune's client, the buyer repudiated the contract and litigation ensued. When the trial court ordered Theune's client to return to the buyer the $400,000.00 plus interest, the client wire-transferred the funds to Theune's trust account in an effort to comply with the court's order. But Theune returned only $300,000.00 to the buyer, knowingly converting $100,000.00 for his own use. When Theune failed to answer the complaint in this matter, default was entered. Through this misconduct, Theune violated Colo. RPC 1.15(a) (2008) (a lawyer shall hold client property separate from the lawyer's own property) and Colo. RPC 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

On June 16, 2015, the Presiding Disciplinary Judge ("the Court") held a sanctions hearing pursuant to C.R.C.P. 251.15(b). Charles E. Mortimer Jr. appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). Philipp Charles Theune ("Respondent") did not appear. The Court now issues the following "Opinion and Decision Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

## OPINION AND DECISION IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

### I. SUMMARY

Respondent represented a client in a contract dispute involving the sale of real estate. After the buyer tendered $400,000.00 to Respondent's client, the buyer repudiated the contract and litigation ensued. When the trial court ordered Respondent's client to return to the buyer the $400,000.00 plus interest, the client wire-transferred the funds to Respondent's trust account in an effort to comply with the court's order. But Respondent returned only $300,000.00 to the buyer, converting $100,000.00 for his own use. When Respondent failed to answer the People's complaint, this Court entered default, finding that he violated Colo. RPC 1.15(a) (2008) by failing to safeguard his client's funds and Colo. RPC 8.4(c) by knowingly converting $100,000.00. Based on this misconduct, the Court now disbars Respondent.

### II. PROCEDURAL HISTORY

On December 16, 2014, the People filed a petition requesting Respondent's immediate suspension. The Court issued an order directing Respondent to show cause why he should not be immediately suspended from the practice of law, but Respondent did not respond. On January 2, 2015, this Court issued a report to the Colorado Supreme Court recommending that Respondent be immediately suspended. The Colorado Supreme Court followed that recommendation and immediately suspended Respondent on January 6, 2015.

The People filed their complaint in this matter on January 27, 2015.[1] Respondent did not file an answer. On March 2, 2015, the People filed a motion for default; when Respondent did not respond, the Court issued an order entering default on March 27, 2015. Upon the entry of default, the Court deemed all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence.[2]

The Court set the sanctions hearing for June 16, 2015. Respondent did not appear. The People called no witnesses, nor did they offer any exhibits at the sanctions hearing. The People's "Sanctions Brief" recites the numerous contacts they have had with Respondent advising him of the sanctions hearing date. At the sanctions hearing, the People informed the Court that Respondent left a message with them the day before indicating that he was out of town and would not attend the hearing.

### III. ESTABLISHED FACTS AND RULE VIOLATIONS

The Court hereby adopts and incorporates by reference the factual background of this case, as fully detailed in the admitted complaint.[3] Respondent took the oath of admission and was admitted to the bar of the Colorado Supreme Court on October 15, 1992, under attorney registration number 22089. He is thus subject to the Court's jurisdiction in these disciplinary proceedings.[4]

Respondent represented Ernst Kappeli in a contract dispute arising out of the sale of real property. In 2006, Kappeli decided to sell a parcel of land to Alice Brien for $6,000,000.00. When the contract for sale was executed, Brien tendered $400,000.00 to Kappeli on the contract. Thereafter, Brien repudiated the contract and litigation followed.

During the course of the litigation, the trial court ordered Kappeli to return the $400,000.00, plus interest, to Brien. In compliance with the court's order, Kappeli wire-transferred $400,000.00 to Respondent's trust account on January 17, 2012. Instead of

---

1. On January 27, 2015, the People sent the complaint and citation by certified mail to Respondent's registered business address of 6595 West 14th Avenue, Suite 100, Lakewood, Colorado 80214.

2. See C.R.C.P. 251.15(b); *People v. Richards*, 748 P.2d 341, 346 (Colo.1987).

3. See the People's complaint for further detailed findings of facts.

4. See C.R.C.P. 251.1(b).

returning $400,000.00 to Brien as the court ordered, Respondent returned just $300,000.00 to Brien and knowingly converted $100,000.00 for own use and benefit. He then concealed his conversion until approximately November 2013.

By knowingly converting $100,000.00 for his own use, Respondent violated Colo. RPC 8.4(c), which proscribes conduct involving dishonesty, fraud, deceit, or misrepresentation. Respondent also violated Colo. RPC 1.15(a) (2008), which requires a lawyer to hold property of clients or third persons separate from lawyer's own property, when he failed to safeguard $100,000.00 of the $400,000.00 entrusted to him by his client.

## SANCTIONS

■ The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) ("ABA *Standards*") and Colorado Supreme Court case law guide the imposition of sanctions for lawyer misconduct.[5] When imposing a sanction after a finding of lawyer misconduct, the Court must consider the duty violated, the lawyer's mental state, and the actual or potential injury caused by the lawyer's misconduct. These three variables yield a presumptive sanction that may be adjusted based on aggravating and mitigating factors.

### ABA *Standard* 3.0—Duty, Mental State, and Injury

*Duty:* Respondent knowingly converted $100,000.00 that was placed in his trust account for the purpose of refunding money to Brien, as mandated by a court order. In doing so, Respondent violated his duty of loyalty to his client Kappeli.

*Mental State:* Respondent acted knowingly when he failed to safeguard $100,000.00 of the $400,000.00 placed into his trust account and when he converted those funds for his own benefit and use.

*Injury:* Neither Brien nor Kappeli provided a statement to the Court concerning the injury Respondent caused them. Nevertheless, the facts presented in the complaint demonstrate that Respondent defrauded his client as well as Brien, causing serious financial injury and undoubtedly complicating the resolution of the civil case.

### ABA *Standards* 4.0–7.0—Presumptive Sanction

Disbarment is the presumptive sanction under ABA *Standard* 4.11, when a lawyer knowingly converts client property and causes injury or potential injury to the client. This standard applies to Respondent's violations of both Colo. RPC 8.4(c) and Colo. RPC 1.15(a) (2008).

### ABA *Standard* 9.0—Aggravating and Mitigating Factors

Aggravating circumstances include any considerations or factors that may warrant an increase in the degree of discipline to be imposed, while mitigating circumstances may justify a reduction in the severity of the sanction.[6]

In this case, four aggravating factors are present. First, Respondent had a dishonest and selfish motive.[7] He knowingly converted client money to use for his own purposes and then concealed that misappropriation for nearly two years. Second, Respondent enjoyed substantial experience in the law, with almost twenty years of experience at the time he converted the funds.[8] Third, he has shown an indifference to making restitution.[9] Respondent converted $100,000.00, has not repaid those sums, and now holds himself out in social media as a "Captain at Blue Safaris St. Maarten," apparently a tour company in the Caribbean.[10] And forth, he engaged in illegal conduct.[11] There is but one mitigating

---

5. *See In re Roose,* 69 P.3d 43, 46–47 (Colo.2003).

6. *See* ABA *Standards* 9.21 & 9.31.

7. ABA *Standard* 9.22(b).

8. ABA *Standard* 9.22(i).

9. ABA *Standard* 9.22(j).

10. People's Sanction Br. Ex. 4.

11. ABA *Standard* 9.22(k).

factor: Respondent has no prior discipline.[12] Given the seriousness of Respondent's misconduct, the Court gives this mitigating factor little weight.

### Analysis Under ABA *Standards* and Colorado Case Law

The Court is aware of the Colorado Supreme Court's directive to exercise discretion in imposing a sanction and to carefully apply aggravating and mitigating factors,[13] mindful that "individual circumstances make extremely problematic any meaningful comparison of discipline ultimately imposed in different cases." [14]

The Court concludes that Respondent should be disbarred. Colorado case law makes clear that disbarment absent substantial mitigating circumstances is the fitting sanction when a lawyer converts client money.[15] This settled case law, coupled with the presumptive sanction and the preponderance of aggravating factors, all clearly support imposition of disbarment here. Respondent's failure to participate in these proceedings and his failure to make restitution make it abundantly clear that he no longer wishes to practice law and has no intention of making amends for his misconduct.

### CONCLUSION

This evidence presents a clear case of conversion of a substantial sum of money—misconduct compounded by Respondent's effort to conceal his misappropriation for years. Respondent's misconduct has caused his former client substantial financial harm. Furthermore, his disrespect for these proceedings after converting $100,000.00 from his client and thereafter absconding from Colorado demonstrates that Respondent has irreparably severed the bonds of trust he

forged with his clients and betrayed the confidence of the Colorado bar. Respondent is not fit to practice law and is not worthy of the appellation of attorney. The Court disbars Respondent.

### IV. *ORDER*

The Court therefore **ORDERS:**

1. **PHILIPP CHARLES THEUNE**, Attorney Registration Number 22089, is **DISBARRED** from the practice of law in the State of Colorado. The **DISBARMENT SHALL** take effect only upon issuance of an "Order and Notice of Disbarment." [16]

2. Respondent **SHALL** promptly comply with C.R.C.P. 251.28(a)–(c), concerning winding up of affairs, notice to parties in pending matters, and notice to parties in litigation.

3. Within fourteen days after the effective date of the suspension, Respondent **SHALL** comply with C.R.C.P. 251.28(d), requiring an attorney to file an affidavit with the PDJ setting forth pending matters and attesting, inter alia, to notification of clients and of other jurisdictions where the attorney is licensed.

4. The parties **MUST** file any application for stay pending appeal with the Court **on or before August 11, 2015.** No extensions of time will be granted. Any response thereto **MUST** be filed within seven days, unless otherwise ordered by the Court.

5. Respondent **SHALL** pay the costs of these proceedings. The People **SHALL** file a "Statement of Costs" within Fourteen days of the date of this order. Respondent may file a re-

---

12. ABA *Standard* 9.32(a).

13. *See In re Attorney F.*, 285 P.3d 322, 327 (Colo. 2012); *In re Fischer*, 89 P.3d 817, 822 (Colo. 2004) (finding that a hearing board had overemphasized the presumptive sanction and undervalued the importance of mitigating factors in determining the needs of the public).

14. *In re Attorney F.*, 285 P.3d at 327 (quoting *In re Rosen*, 198 P.3d 116, 121 (Colo.2008)).

15. *People v. Varallo*, 913 P.2d 1, 10–11 (Colo. 1996).

16. In general, an order and notice of sanction will issue thirty-five days after a decision is entered pursuant to C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later than thirty-five days by operation of C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.

sponse to the People's statement, if any, within seven days thereafter.

6. **On or before August 25, 2015,** Respondent **SHALL** pay restitution of $100,000.00 to Ernst Kappeli or, in the alternative, pay those amounts to the Colorado Attorneys' Fund for Client Protection, to the extent the Fund has reimbursed Kappeli.